[No. 14629. Department Two. May 28, 1919.]

ALBERT PICCO *et al., Appellants,* v. NED RONEY *et al.,*
*Respondents.*[1]

APPEAL AND ERROR (50)—FINAL ORDERS—GRANTING NEW TRIAL.
An order granting a new trial is not appealable as a final order.

SAME (181)—TIME FOR TAKING—NEW TRIAL. Appeal from an
order granting a new trial must be taken within fifteen days after
entry or notice, under Rem. Code, § 1718, limiting the time for
appeals from any order other than a final one.

SAME (179) — TIME FOR TAKING — COMMENCEMENT OF PERIOD —
GRANTING NEW TRIAL. Where an order granting a new trial recites
the entry and allowance of exceptions at the time of signing the
order and making the decision, the time for taking an appeal begins
to run from entry of the order.

SAME (326)—RECORD—FAILURE TO FILE IN TIME. Under Rem.
Code, § 1729, relative to filing a transcript of record, an appeal must
be dismissed where no excuse is given for delay in filing the trans-
cript within ninety days and it was not supplied until after motion
to dismiss the appeal.

Appeal from an order and judgment of the superior
court for King county, Gilliam, J., entered May 23,
1917, granting a new trial as to one defendant, and
granting a dismissal, notwithstanding the verdict of
a jury in favor of the plaintiffs, as to the other de-
fendant, in an action in tort. Dismissed.

*Vince H. Faben,* for appellants.

*A. J. Falknor* and *R. G. Sharpe,* for respondents.

PER CURIAM. — Appellants instituted this action
against respondents, as attorneys at law in copartner-
ship, to recover damages for malpractice. The cause
was tried before a jury, which brought in a verdict of
$8,500 against respondents. Respondents moved for
a new trial, a directed verdict, and for judgment not-
withstanding the verdict, in favor of respondent
Roney. On May 12, 1917, the court granted the motion

[1]Reported in 181 Pac. 522.

for new trial in behalf of respondent Loveless, and granted a judgment of dismissal notwithstanding the verdict, in favor of respondent Roney. This order and the judgment were signed and entered May 23, 1917. The appellants assign as errors the granting of the new trial in favor of Loveless and the granting of judgment *non obstante veredicto* in favor of Roney. Appellants served notice of appeal on July 28, 1917.

At the threshold we are confronted with two motions by respondents to dismiss the appeal: (1) Loveless moves that the appeal be dismissed on the ground that the appeal from the order granting a new trial was not made until sixty-six days after the entry of said order. (2) Respondents move that the appeal be dismissed on the grounds, (a) that appellants have failed and neglected to diligently prosecute their appeal; (b) that appellants neither filed, nor caused to be filed, either in the lower court or in this court, a transcript on appeal until February 27, 1918, and failed to serve and file their abstract of the record and opening briefs within the time allowed by statute.

An order granting a new trial is not a final order and is not appealable unless allowed by statute. Rem. Code, § 1716, subd. 6, grants appeals on an order of new trial. Rem. Code, § 1718, provides that an appeal may be taken

"from any order, other than a final order, from which an appeal is allowed by this act, within fifteen days after the entry of the order, if made at the time of the hearing, and in all other cases within fifteen days after the service of a copy of such order, with written notice of the entry thereof, upon the party appealing, or his attorney."

The formal order of May 23, 1917, granting a new trial to respondent Loveless, recites:

"The plaintiffs by their attorney at the time of the signing of the order, and at the time of the ruling

and the decision, having taken their exception to the order and the judgment granting a new trial to the defendant Loveless, duly entered their exceptions thereto, upon the ground and for the reason that the same is contrary to the law and not justified by the evidence and the records in the case, and their exception was duly entered and allowed. Done in open court, this 23 day of May, 1917. '————' Judge. Filed in open court May 23, 1917. '————' Clerk, by '————' deputy.''

This seems to us to show that appellants' attorney was present at the hearing and entry of the order. Under the statute quoted, *supra,* we must conclude that the service and filing of the notice of appeal on July 28, 1917, as to the order granting a new trial is not timely, and respondent Loveless' motion to dismiss the appeal in that respect must be granted.

Appellants' transcript on appeal was filed in the lower court February 28, 1918, and in this court March 1, 1918. Respondents, on February 13, 1918, had served appellants with the motion to dismiss the appeal. In *Ellis v. Bardin,* 36 Wash. 122, 78 Pac. 677, it was held that, where the appellant fails to file any transcript, or order the same prepared, for more than ninety days, and, after motion to dismiss the appeal, prepared and filed a transcript without giving any excuse for the delay, the appeal will be dismissed for failure to diligently prosecute it. See, also, *Humes v. Hillman,* 39 Wash. 107, 80 Pac. 1104.

Rem. Code, § 1729, provides:

''Within ninety days after an appeal shall have been taken by notice as provided in this title, the clerk of the superior court shall prepare, certify and file in his office, at the expense of the appellant . . . a transcript containing a copy of so much of the record and files as the appellant shall deem material to the review of the matters embraced within the appeal, said transcript to be so prepared, certified and filed,

in the office of the clerk, at or before the time when the appellant shall serve and file his opening brief, as hereinafter provided.  Within four months after said appeal shall have been taken by notice as aforesaid, the clerk of the superior court shall at the expense of appellant, send up to the supreme court said transcript together with the original briefs on appeal filed in his office.  . . ."

On the strength of the foregoing cases and the statute, no excuse having been given for the delay in filing the transcript on appeal within ninety days, and a motion to dismiss the appeal having been made prior to the time of supplying the same, we reluctantly dismiss the appeal for failure to diligently prosecute it.

A motion is in the record to substitute Herbert Crowder as trustee in bankruptcy in place of the appellants herein.  The motion is without merit and will be denied.

Appeal dismissed.