[No. 24081.   Department Two.   January 7, 1933.]

H. W. McCrabbe *et al., Respondents,* v. Evan T. Jones *et al., Appellants.*[1]

*W. H. Patterson* and *H. A. Davis,* for appellants.

*Roberts, Skeel & Holman, Frank Hunter,* and *W. C. Gresham,* for respondents.

Main, J.—This action was brought to recover upon two promissory notes and to foreclose a chattel mortgage which secured the payment of the same. The defendants admitted the execution of the notes, and counterclaimed for damages for a breach of a written contract signed at the same time the notes and mortgage were executed. The cause was tried to the court

[1]Reported in 17 P. (2d) 860.

without a jury, and resulted in findings of fact from which the court concluded that the plaintiffs were entitled to a judgment for the amount of. the two notes, $1,550, with interest thereon, and from this should be deducted the sum of $886.10, which was the amount of the damages which the defendants sustained by reason of the fact that the plaintiffs breached the contract mentioned. Judgment was entered in accordance with the findings and conclusions, from which the defendants appeal.

The respondents opened their brief with a motion to strike the statement of facts because it was not filed within the time fixed by law. The judgment was entered November 13, 1931, and the statement of facts was filed in the superior court February 13, 1932, or ninety-two days after the entry of the judgment.

In a long line of cases, it has been held by this court that a statement of facts filed after ninety days cannot be given validity for any purpose, and, upon motion, will be stricken. The appellants recognize this rule, and seek to avoid the force of it on the ground that the statement of facts was filed within ninety days after they had notice of the entry of the judgment. This presents the question as to whether the ninety day period within which a statement of facts must be filed will begin to run from the time a final judgment has been entered or from the time that the losing party has notice thereof.

Rule of Practice VII, Rem. Rev. Stat., § 308-7, provides that a proposed bill of exceptions or statement of facts must be served and filed either before or within ninety days after the time begins to run within which an appeal may be taken from a final judgment in a cause. Rule of Practice X, Rem. Rev. Stat., § 308-10, provides that, in civil actions and proceed-

ings, an appeal from any final judgment must be taken within thirty days after the day of the entry of such judgment, but. an appeal from an order, other than a final order from which an appeal is allowed, within fifteen days after the entry of the order, if made at the time of the hearing, and in all other cases within fifteen days after the service of a copy of such order, with written notice of the entry thereof, upon the party appealing, or his attorney.

It will be noticed that the rule makes no provision for notice to the adverse party when the appeal is from a final judgment; but, where the appeal is from an order which is not a final judgment, if the order is not entered at the time of the hearing, notice must be given. The appeal in the case now before us was from a final judgment, and not from an order.

The appellants call attention to the case of *Carr v. Zellerbach Paper Co.*, 169 Wash. 493, 14 P. (2d) 35, as holding that notice is necessary. That case, however, was an appeal from an order granting a new trial, and not from a final judgment. An order granting a new trial is not a final order, and is appealable only because made so by statute. Rem. Rev. Stat., § 1716, subd. 6; *Picco v. Roney,* 107 Wash. 202, 181 Pac. 522. The holding in the *Zellerbach* case is not out of harmony with the other holdings of this court.

The appeal in this case being from a final judgment, and the statement of facts not having been filed within ninety days after the entry of the judgment, it necessarily follows that the statement of facts must be stricken.

Where a statement of facts has been stricken, the only question that remains is whether the facts found by the trial court support the judgment. *Russell v. Mitchell,* 61 Wash. 178, 112 Pac. 250.

The appellants make some contention that the facts, as found, do not support the court's conclusion therefrom and the judgment entered; but we think that this contention is not well founded.

It is also said that the motion to strike the statement of facts should be denied, because the respondents previously had made a motion to dismiss the appeal and did not embody therein the motion to strike the statement of facts, which they subsequently waived. The motion to dismiss the appeal was waived before either the motion or the affidavit in support thereof had been filed in this court. In a number of cases, it has been said that the filing of a statement of facts within the ninety day period was jurisdictional, and, if it is jurisdictional, then it may be raised at any time, or may be raised by the court of its own motion. *Seattle National Bank v. Trefethen,* 168 Wash. 173, 11 P. (2d) 244.

The judgment will be affirmed.

TOLMAN, C. J., BEALS, and STEINERT, JJ., concur.