[No. 25555. Department One. June 17, 1935.]

A. W. DOUGLASS, *Respondent*, v. GRAYS HARBOR FUEL COMPANY, *Appellant*.[1]

*Thomas S. Grant*, for appellant.

*Ralph S. Pierce, Edwin J. Cummins*, and *Ray W. DeKraay*, for respondent.

TOLMAN, J.—This is an automobile collision case in which each party sought to recover against the other for property damage only. The case was tried to the court sitting without a jury, resulting in findings of fact and conclusions of law to the effect that each party was negligent and neither was entitled to recover against the other. The defendant has appealed

[1]Reported in 46 P. (2d) 733.

from the judgment, assigning error on certain of the findings and upon the conclusion that it was not entitled to recover upon its cross-complaint.

The respondent has moved to dismiss the appeal and affirm the judgment because no statement of facts was filed within the time prescribed by law.

The record discloses that the judgment, though dated March 15, 1934, was filed and entered on June 29, 1934. The notice of appeal was served on July 26, 1934, and filed on July 27, 1934. The statement of facts was served and filed on January 18, 1935, more than six months after the entry of the judgment.

The rules of practice require a proposed statement of facts to be served and filed within ninety days after the time begins to run within which an appeal may be taken from the final judgment in the case. We have often held that compliance with this rule is mandatory and jurisdictional. *State ex rel. Soudas v. Brinker,* 128 Wash. 319, 222 Pac. 615; *Perkins v. Perkins,* 158 Wash. 351, 290 Pac. 855; *Kaplow v. McCrory,* 175 Wash. 578, 27 P. (2d) 1107. The statement of facts must be, and it is, stricken.

The findings made by the trial court support the judgment. Without a statement of facts, we cannot go behind the findings.

The judgment is therefore affirmed.

MILLARD, C. J., BEALS, MAIN, and GERAGHTY, JJ., concur.