[No. 25768. Department One. April 16, 1936.]

AURELIA KELLY, *Appellant*, v. MAY ST. MARTIN, *Respondent and Cross-appellant.*[1]

*D. Elwood Caples* and *Oren R. Richards*, for appellant.

*Hall & Schaefer*, for respondent and cross-appellant.

[1]Reported in 56 P. (2d) 690.

STEINERT, J.—Plaintiff, Aurelia Kelly, brought this action against defendant, May St. Martin, to recover an alleged overpayment of profits derived from the operation of a mineral springs property owned jointly by plaintiff and defendant together with several other persons. Defendant denied the material allegations of the complaint, and, by way of counterclaim, sought recovery upon a judgment rendered in her favor against plaintiff in a former action. Upon a trial before the court, judgment was entered dismissing plaintiff's complaint, but allowing plaintiff a credit upon defendant's former judgment. Each of the parties has appealed from that portion of the judgment adverse to her. We shall hereinafter refer to plaintiff, Aurelia Kelly, as appellant, and to defendant, May St. Martin, as respondent.

Respondent has filed a motion in this court to dismiss the appeal, on the ground that the appeal was not timely taken. The judgment was entered May 2, 1935. The notice of appeal was given May 28, 1935. On the face of the record, the appeal was taken within thirty days from the date of entry of final judgment and was, therefore, timely. *Morely v. Morely,* 130 Wash. 77, 226 Pac. 132; Rule of Practice X, Rem. Rev. Stat., § 308-10 [P. C. § 8676-13].

Respondent asserts that appellant purposely withheld the judgment from entry, after its rendition, in order to extend the time for taking an appeal. However, the facts upon which this assertion is based are not before us by a proper and sufficient record. The motion to dismiss is, therefore, denied.

This suit is one of several that various heirs at law of Isadore St. Martin, Sr., and Margaret St. Martin, husband and wife, both now deceased, have waged against each other from time to time. The nature and details of the family dissension were, to some extent,

revealed in a probate proceeding which ultimately came to this court on appeal. *In re St. Martin's Estate,* 175 Wash. 285, 27 P. (2d) 326. A perspective to the case at bar may be gained from a reference to the opinion in the probate case.

It appears in that opinion that Isadore St. Martin died intestate many years ago, and that subsequently, February 15, 1933, Margaret St. Martin died, also intestate, leaving surviving her, as her heirs at law, six children and nine grandchildren, the latter being the issue of three of her children, now deceased. Among the children of Margaret St. Martin were appellant, respondent, and also Isadore St. Martin, Jr., L. A. St. Martin, now deceased, Maggie St. Martin (now Ragan) and Catherine St. Martin (now Haines). For the purposes of this case, it is unnecessary to name the other heirs.

The estates left by the elder St. Martins consisted of considerable cash and securities and also real estate, of which the above-mentioned mineral springs property was a part. The management and conduct of the mineral springs property, which was operated as a hotel and health resort, have been a constant source of dispute and dissension among the heirs, as a consequence of which a number of lawsuits have, from time to time, been brought by one faction of the family against the other.

From this point, we state the case as presented by the record before us. In doing so, however, we note the fact that we are limited to the pleadings, with the exhibits attached thereto, and the findings, conclusions, and judgment of the court. There is no statement of facts in the record.

Attached to appellant's reply, and made parts thereof, are the pleadings, memorandum opinion and judgment in cause No. 1951-C of the superior court of

Skamania county. From these exhibits, the following facts appear as introductory to, and causative of, the present action:

In 1922, Margaret St. Martin, mother of the parties to this action, became sick and incapacitated, and, as a consequence, the operation of the hotel and health resort was taken over by appellant and respondent. In February, 1924, a receiver of the property was appointed. After taking charge of the property, the receiver employed the appellant and her husband, E. P. Kelly, to manage and conduct the business.

The receiver was discharged in June, 1924, and the Kellys, apparently with the consent of all the heirs, then took over the management and operation of the hotel and resort. Some of the heirs were employed, on salary, by the Kellys to assist in conducting the business. There seems to have been an implied understanding among the heirs that, after the deduction of the necessary and reasonable expenses of operation, the income from the property was to be distributed by the Kellys to the various heirs in proportion to their respective interests in the estate. Pursuant to that arrangement, appellant periodically sent checks to the heirs for their proportionate shares of the profits earned.

In 1931, certain of the heirs became dissatisfied with the way in which the Kellys were handling matters. Thereupon, Isadore St. Martin, Jr., L. A. St. Martin, Maggie St. Martin (Ragan), and Catherine St. Martin (Haines) brought an action, cause No. 1951-C, *supra,* against the Kellys to oust them from possession and control of the mineral springs property, also for an accounting and for damages in the sum of ten thousand dollars. The Kellys appeared and defended. The respondent herein, May St. Martin, was not made a formal party to that action.

The evidence in that case is not before us, but in its memorandum opinion the court found that the action had been brought by the plaintiffs therein on behalf of all the owners of the property for an accounting and for a restoration of funds alleged to have been misappropriated by the Kellys. The court further found that, in their conduct of the business, the Kellys had overcharged salaries to the extent of three thousand dollars. It also found that three of the plaintiffs in that action had received more dividends than they were entitled to, and that the other plaintiff had received less. The court concluded that the plaintiffs, on behalf of all the owners of the mineral springs, should have judgment against the Kellys for three thousand dollars, to be paid into the registry of the court on or before January 9, 1933, and to be apportioned among the owners, pro rata, according to their interests in the property; and that the Kellys were entitled to have judgment against those heirs who had received overpayment of dividends. The judgment and decree followed along the lines indicated in the memorandum opinion and set out the specific amounts for which the parties should have judgment against each other. The decree did not recite, nor in any way indicate, that respondent had been overpaid, and no judgment was taken against her. No appeal was taken from the decree, and it still stands unsatisfied.

In February, 1934, appellant brought this action against respondent seeking to recover an alleged overpayment of dividends to the extent of $479.25. Respondent, in her answer, denied the overpayment and, by way of counterclaim, pleaded the former judgment in her favor and sought to recover the amount due her thereunder, namely, $166.67.

After a trial, and after rendering a series of three memorandum opinions, the court made findings to the

following effect: That, during the operation of the hotel and resort by the appellant, in March, 1931, certain of the owners of the property had brought an action, cause No. 1951-C, on behalf of all the owners, against appellant and her husband for an accounting; that, in that action, in which issue had been duly joined by all parties therein, an accounting in due course had been made by appellant up to October 1, 1931; that, at the conclusion of that proceeding, a decree had been duly entered, providing, in effect, that respondent should have judgment against appellant in the sum of $166.67, from which decree there had been no appeal, and that the same was still unpaid; and that, subsequent to October 1, 1931, appellant had paid respondent the sum of $125.

From these findings, the court concluded that the state of accounts between appellant and respondent had been fully adjudicated in cause No. 1951-C, up to October 1, 1931, and that, therefore, appellant's action should be dismissed; the court further concluded that appellant was entitled to have credited on respondent's former judgment against her the sum of $125, which had been paid by appellant to respondent after the accounting. Judgment was entered accordingly.

By her assignments of error, appellant makes the contention that the findings, conclusions, and judgment of the court and two of its memorandum opinions are not supported by the evidence, but are contrary thereto and to the laws of this state. As we have already stated, there is no statement of facts in the record.

In the absence of the evidence properly certified by a statement of facts or bill of exceptions, all intendments and inferences are to be taken in favor of the findings of the court, and it will be presumed that there was evidence to sustain such findings. *Puget*

*Sound Bulb Exchange v. St. Paul etc. Ins. Co.,* 174 Wash. 691, 26 P. (2d) 84; *Douglass v. Grays Harbor Fuel Co.,* 182 Wash. 227, 46 P. (2d) 733. Since the evidence in this case is not before us, we must assume that it fully supported the court's findings.

In the absence of a statement of facts or bill of exceptions, the only question remaining is whether the findings sustain the judgment. *O'Brien v. Industrial Ins. Department,* 100 Wash. 674, 171 Pac. 1018; *Seattle Nat. Bank v. Trefethen,* 168 Wash. 173, 11 P. (2d) 244; *Simmons v. Department of Labor & Industries,* 175 Wash. 290, 27 P. (2d) 567. The judgment herein simply dismissed the complaint and credited the sum of $125 on respondent's former judgment against the appellant. The judgment was fully supported by the findings.

Upon the cross-appeal, respondent contends that the credit should not have been allowed. We are, however, met by the same obstacle as before. There is no statement of facts before us. In the absence of such statement, we cannot go behind the findings, but must assume that they were supported by the evidence adduced. The judgment is supported by the findings of payment of $125, to be allowed as a credit on respondent's judgment.

The judgment is affirmed on both appeals. Neither party will recover costs in this court.

MILLARD, C. J., TOLMAN, MITCHELL, and GERAGHTY, JJ., concur.