[No. 26648. Department One. July 6, 1937.]

D. D. McGREGOR, *Appellant*, v. CLAUDE HOLLINGSWORTH *et al.*, *Defendants*, VENA V. HOLLINGSWORTH, *Respondent.*[1]

John H. Roche and R. L. Edmiston, for appellant.

Geo. W. Young and F. L. Stotler, for respondent.

MILLARD, J.—This action, on second amended complaint subsequent to the dissolution by divorce of the

[1]Reported in 69 P. (2d) 813.

marital community composed of the defendants, was brought to recover on promissory notes and other instruments, alleged loans by plaintiff of money to the defendants as a marital community.

The answer, affirmative defense and cross-complaint of Vena V. Hollingsworth and plaintiff's reply denying affirmative allegations to the answer, presented the questions whether the alleged loans constituted an obligation of the former marital community, and in whom title should be quieted to the real property in controversy. Claude Hollingsworth did not answer, and order of default was entered against him. Trial of the cause to the court resulted in findings of fact and conclusions of law and decree in favor of Vena V. Hollingsworth. Plaintiff appealed.

Appellant contends that he should have been awarded judgment, jointly and severally, against Claude Hollingsworth and Vena V. Hollingsworth for the amount due on the promissory notes in question, foreclosure of lien against certain real property to satisfy that judgment, and that he be adjudged owner in fee of a lease, which is a part of the subject matter of this controversy.

Inasmuch as no statement of facts has been brought to this court, the only question presented by this appeal is whether the findings sustain the decree. In the absence of the evidence, all intendments and inferences are to be taken in favor of the findings of the court, and it will be presumed that there was evidence to sustain such findings. *Kelly v. St. Martin*, 186 Wash. 1, 56 P. (2d) 690.

In the absence of the evidence, properly certified by a statement of facts or bill of exceptions, the pleadings will be deemed amended so as to embrace all of the issues upon which the court made findings.

*Wilkeson v. Rector etc. St. Luke's Parish,* 176 Wash. 377, 29 P. (2d) 748.

The facts established by the findings of the trial court are summarized as follows:

The court had jurisdiction of the parties to, and the subject matter embraced in, the cause. More than two years prior to August, 1934, the defendants lived separate and apart and had ceased to cohabit as husband and wife, which facts were, during all of that period, within the knowledge of the appellant.

In February, 1934, Claude Hollingsworth executed a series of promissory notes, totaling $1,980, payable to appellant. The former marital community of Claude Hollingsworth and Vena V. Hollingsworth received no consideration by reason of the execution of those notes, with the exception of two in the total sum of $240. Against that obligation, the Hollingsworths are entitled to an off-set in the amount of $120, representing rental paid to the appellant by an oil company on the gas station lease.

Vena V. Hollingsworth did not have knowledge of the execution of the notes, and they were not executed, with the exception of the two described above, for the benefit of the marital community. An instrument executed by Claude Hollingsworth, purporting to be an agreement of sale, was fictitious and was never intended to transfer any interest in the property described in that instrument, to the appellant. Respondent had no knowledge of, and never consented to, the execution by Claude Hollingsworth of an instrument purporting to transfer to the appellant some interest or title in and to certain real property which was owned by the former marital community composed of Claude Hollingsworth and Vena V. Hollingsworth. Claude Hollingsworth, without the knowledge, consent or

sanction of the respondent, executed a quit-claim deed to that real property in favor of the appellant.

By the divorce decree entered November 2, 1934, by the superior court for Whitman county, the real property in question was awarded to the respondent as her sole and separate property.

The purported assignment by Claude Hollingsworth to the appellant of a gas station lease was fictitious, and the former marital community of Claude and Vena V. Hollingsworth received no consideration therefor.

From the foregoing facts, the court concluded, and entered decree accordingly, that the appellant was entitled to judgment as prayed against Claude Hollingsworth, and was entitled to a judgment against the former marital community of Claude and Vena V. Hollingsworth, in the amount of two hundred and forty dollars, with interest thereon, less an off-set of rental of one hundred and twenty dollars, paid to the appellant by the Union Oil Company on the gas station lease. That judgment quieted title in respondent to the real property involved in this cause and adjudged the three instruments described in the findings to be void.

Clearly the findings sustain the judgment. It follows that the judgment should be, and it is, affirmed.

STEINERT, C. J., BLAKE, GERAGHTY, and MAIN, JJ., concur.