[No. 26435. *En Banc.* August 30, 1937.]

JAKE SCHULTZ et al., *Respondents*, v. WALTER A. ANDERSON et al., *Appellants.*[1]

*Hamblen, Gilbert & Brooke,* for appellants.

*Michael J. Kerley* and *Edward M. Connelly,* for respondents.

[1]Reported in 71 P. (2d) 365.

STEINERT, C. J.—This action was commenced by plaintiffs to rescind an executory contract wherein they had agreed to purchase from defendants a farm situated in Franklin county. By way of answer, defendants denied the material allegations of plaintiffs' complaint and sought affirmative relief by cross-complaint and counterclaim. In their reply, plaintiffs denied the allegations set out in defendants' affirmative pleading.

Trial on the merits was had before the court, beginning September 4, 1934, and continuing, after some interruptions, through September 19, 1934. Findings, conclusions and judgment rescinding the contract and adjudicating all questions between the parties were signed May 23, 1936, and filed June 3, 1936. Notice of appeal was served by defendants June 25, 1936, and filed on the following day.

On December 19, 1936, respondents filed in this court their motion to strike appellants' statement of facts, and, in their subsequent brief on appeal, have urged the motion.

Upon careful consideration of the record, we conclude that the motion must be granted. Our reasons therefor will be stated as briefly as a narration of the circumstances to be considered will permit.

It appears that appellants have filed three separate statements of facts in this case. These will be referred to, respectively, as (1) a proposed statement of facts; (2) a supplemental statement of facts; and (3) a proposed supplemental statement of facts. The ninety-day period allowed by Rem. Rev. Stat., § 308-7 [P. C. § 8676-10], for serving and filing a proposed statement of facts expired September 1, 1936.

The proposed statement of facts, consisting of two hundred and seventy-three pages, was filed with the clerk of the superior court on August 28, 1936, which was within the ninety-day period prescribed by the

statute. While the certificate thereto is in the form required by Rem. Rev. Stat., § 391 [P. C. § 7819], the statement itself discloses in its opening recital and throughout its length that it contains only the proceedings occurring on and *after* September 18, 1934. Manifestly, therefore, it was not a complete statement of facts and, standing alone, could not be considered as a proper or sufficient statement on appeal. The proposed statement must, therefore, be stricken unless it can properly be examined in connection with, and regarded as part of, the supplemental statement of facts, next to be considered.

The supplemental statement of facts consists of two volumes, totaling four hundred and seven pages. This statement according to its certificate, "contains all the material facts, matters and proceedings in the case which were omitted from the defendants' proposed statement of facts." If, then, we have a complete and proper statement of facts at all, it must be because the proposed statement of facts and the supplemental statement of facts, taken together, make up a complete and adequate statement. But if, for any reason, the supplemental statement can not be considered, then obviously, the record is here upon an incomplete and insufficient statement of facts.

Upon the covers of the two volumes of the supplemental statement of facts there is indorsed the following minute: "Filed Sep 30 1936 E. W. Redd, Clerk By W. C. Creesy Deputy." The legend so indorsed is by the ordinary filing stamp, with the name of the deputy written in longhand in ink. Acknowledgment of service of the two volumes was made September 29, 1936. If the supplemental statement of facts was filed on September 30, 1936, as indicated by the clerk's file mark, it manifestly was not within the ninety-day period prescribed by the statute.

We have, then, this situation: The clerk's file mark shows that the supplemental statement of facts was filed on a day which was far beyond the ninety-day period, while the court's certificate recites that it was "duly and regularly filed."

■■ Under the provisions of Rem. Rev. Stat., § 77 [P. C. § 8585], it is the duty of the clerk to keep records, files and other books and papers appertaining to the court, to file all papers delivered to him for that purpose, in any action or proceeding in the court, and to authenticate, by certificate or transcript, as may be required, the records, files or proceedings of the court or any other paper appertaining thereto and filed with him.

The date of the clerk's file mark appearing upon an instrument or part of a record filed with him is *prima facie* evidence of the time when such instrument or part of a record was filed, and, in the absence of evidence to the contrary, is conclusive. It is no doubt true that, if an issue were raised before the court as to the correctness of the clerk's minute, the court could properly hear and determine that issue. But nothing of that kind is involved in this case.

It is a matter of common knowledge that the trial court, in certifying a statement of facts, simply certifies to its contents. That is all that the court is required to do under the statute. Rem. Rev. Stat., § 391 [P. C. § 7819]. It is no concern of the trial court whether the statement of facts is timely filed or not. The requirement as to serving and filing a statement of facts within the ninety-day period is prescribed by a rule of this court, Rem. Rev. Stat., § 308-7 [P. C. § 8676-10], and the remedy for failure to comply with the rule is by motion, in this court, to strike the statement as certified. *Potlatch Lumber Co. v. Ferry*

*County,* 167 Wash. 491, 9 P. (2d) 783; *McCrabbe v. Jones,* 171 Wash. 326, 17 P. (2d) 860.

There is in this case not only an absence of any evidence contradicting the clerk's file mark, but, on the contrary, there is conclusive evidence of its verity. In the supplemental transcript is an order filed August 31, 1936, which extended the time for filing the proposed supplemental statement of facts fifteen days. That order was ineffectual because the court was without power to extend the time beyond the ninety-day period. *State v. Parkinson,* 181 Wash. 69, 41 P. (2d) 1095. There is a further order, filed September 11, 1936, extending the time to October 1, 1936. That order was, likewise, ineffectual.

Affidavits supporting the applications for these orders reveal that the supplemental statement of facts had not even been prepared prior to September 9, 1936, which was after the expiration of the statutory time. The record made by appellants themselves, therefore, shows conclusively that the clerk's minute and not the court's certificate reflects the correct situation.

We are therefore of the opinion that the supplemental statement of facts must be stricken because it appears that it was not timely filed. This would, of course, eliminate the proposed statement of facts, whether it be considered separately or as part of the supplemental statement.

Finally, we have a proposed supplemental statement of facts which was never certified at all. Manifestly, that statement has no validity whatever.

The proposed statement of facts and the supplemental statement of facts having been stricken, they must, of course, be wholly disregarded. *Tremblay v. Nichols,* 187 Wash. 109, 59 P. (2d) 1123.

In the absence of a statement of facts, all intend-

ments and inferences favorable to the findings of the court are to be indulged, it being presumed that there was evidence to sustain such findings. *Kelly v. St. Martin,* 186 Wash. 1, 56 P. (2d) 690.

The only question then is whether the findings support the judgment. *Kelly v. St. Martin, supra.*

Upon a careful scrutiny of the findings, we are convinced that they amply support the judgment.

The judgment will therefore be, and it is, affirmed.

MAIN, BLAKE, GERAGHTY, and ROBINSON, JJ., concur.

MILLARD, J. (concurring)—In opinion in *Daugherty v. Dept. of Labor & Industries,* 188 Wash. 626, 63 P. (2d) 434, I concurred in the result on the ground that the questions of fact there presented by the appellant could not be considered for the reason that, although the trial court certified that the statement of facts contained all the evidence, the statement of facts disclosed that it did not contain all the evidence. Authority for that position [*Nickeus v. Lewis County,* 23 Wash. 125, 62 Pac. 763, and *Kane v. Kane,* 35 Wash. 517, 77 Pac. 842] I did not deem it necessary to cite. The majority opinion in the case at bar is to the same effect; therefore, I concur in affirmance of the judgment.

TOLMAN, J. (dissenting)—I accept the material and controlling facts as stated by the majority, but I cannot concur in the inferences drawn therefrom.

The question presented is one of practice solely, and that rule of practice should be adopted which will lead to the best results and which is best calculated to do justice between litigants in the future.

In my judgment, no rule should be adopted which disregards or denies the facts certified to by the trial judge. The supplemental statement of facts which

bears the endorsement of the clerk to the effect that it was filed on September 30, 1936, carries the certificate of the trial judge in which appears the following:

"That the above and foregoing supplemental statement of facts were duly and regularly filed with the clerk of said court and thereafter duly and regularly served within the time authorized by law.

"That the above and foregoing supplemental statement of facts contains all the material facts, matters and proceedings in the case which were omitted from the defendants' proposed statement of facts."

If that certificate so made by the trial judge was erroneous in fact, the party aggrieved should have promptly moved in the court below for its correction. Not having so moved, and having permitted the case to come to this court with that certificate wholly unimpeached, we must assume, if we assume anything, that the trial court heard the necessary evidence, ascertained and found as a fact that the clerk's endorsement was erroneous, and likewise determined that the statement had been duly and regularly filed within the time authorized by law and certified accordingly.

The judge who presides at the trial is the complete master of all proceedings in the case until his jurisdiction is lost. Notwithstanding the giving of a notice of appeal, the trial court still has jurisdiction to settle and certify a statement of facts, and his certificate imports absolute verity.

This is simply a conflict between the certificate of the clerk and the certificate of the trial judge, and the question is only which shall prevail. The clerk has no power whatever over the trial judge, while the judge, speaking generally, may command and direct the clerk at will. Hence, when the trial court, by a later certificate, impeaches the clerk's earlier certificate, we are, in my opinion, bound to hold, in accord-

ance with the final certification, that the supplemental statement of facts was both filed and served regularly within the time authorized by law.

In my judgment, the only proper rule for this court to adopt is one which will so recognize the power and authority of the trial judge. No harm can follow, because if, through inadvertence, the trial court makes a mistaken certificate, he has power to correct it on motion, and in the absence of such a motion, his certificate should not be questionable here.

I therefore dissent.

HOLCOMB, J., concurs with TOLMAN, J.

BEALS, J. (dissenting)—We are here confronted with a situation which is, as it stands, difficult, but which could easily be rendered very simple. In my opinion, when a record shows, as here, a conflict between the certificate of the trial judge and statements contained in the transcript, the matter should, on this court's own motion, be referred to the trial court for clarification. This court should have before it a record which speaks the truth, and when two different portions of the record cannot be reconciled one with the other, it is a very simple matter to send the record back for correction. Such a matter should not be made to depend upon action to be taken by one of the parties; this court, on its own motion, should take steps to make the record show what actually happened.

As the record now stands, we have before us a certificate of the trial judge in which the court certifies that the statement of facts was "duly and regularly filed with the clerk of said court." Assuming that "duly filed" means filed within the time limited by law, I feel that we are bound by this certificate, notwithstanding the facts stated in the majority opinion, which indicate that the proposed statement of facts

334

was not filed within the time limited by law. In my opinion, the certificate of the trial court cannot be collaterally impeached or overthrown by other portions of the record which are in apparent conflict therewith. This court has repeatedly held that every presumption will be made in support of a solemn order of the superior court; and if it be deemed improper or undesirable, on our own motion, to refer the matter to the superior court for examination and correction of that portion of the record which may be found to be erroneous, I am of the opinion that, as the record now stands, the certificate of the trial court must be taken as correct.

I accordingly dissent from the conclusion reached by the majority.