[No. 30116. Department One. March 25, 1947.]

VIRGIL REMLINGER *et al., Respondents,* v. THE GRANGE STORE, *Appellant.*[1]

*Powell & Ostrander,* for appellant.

*Carl W. Bordsen* and *Rummens & Griffin,* for respondents.

ABEL, J.—This cause was heretofore before this court on respondents' motion to strike appellant's statement of facts on the ground that the statement was not filed with the clerk of the superior court within the ninety-day period prescribed by Rule 9 (1), Rules of Supreme Court, 18 Wn. (2d) 9-a. Respondents' motion was granted in *State ex rel. Grange Store v. Riddell, ante* p. 134, 177 P. (2d) 78.

The transcript contains the complaint, answer, reply, and decree of the trial judge, in which he made findings, entered an injunction, and gave a judgment for damages.

The only question before us is whether the findings sustain the judgment.

In *McGregor v. Hollingsworth,* 190 Wash. 576, 69 P. (2d) 813, we state:

[1]Reported in 178 P. (2d) 723.

"Inasmuch as no statement of facts has been brought to this court, the only question presented by this appeal is whether the findings sustain the decree. In the absence of the evidence, all intendments and inferences are to be taken in favor of the findings of the court, and it will be presumed that there was evidence to sustain such findings. *Kelly v. St. Martin,* 186 Wash. 1, 56 P. (2d) 690."

The trial court found in part as follows:

"That defendant commenced the operation of the feed mill in question in 1937 and about September 30, 1944, enlarged the capacity of the mill by enlarging the motor and installing an additional collector or cyclone which is approximately 112′ north of the nearest corner of plaintiffs' greenhouses. . . . That on or about December 20, 1944, plaintiffs first complained to defendant of the dust emanating from said mill; . . . in May, 1945, when the materials became available, the Olympic Sheet Metal Company installed additional dust control apparatus consisting of a pipe from the new cyclone collector to an expansion chamber in the nature of a room on top of the building occupied by defendants' mill. That this chamber has exhaust openings at each end covered by burlap sacks and some dust escapes from these openings in a slightly less amount than is usual or average for feed mills of this type and size. . . . That the glass and wood in plaintiffs' greenhouses have an accumulation of mould or dirt consisting in part of algae, fungi, and certain inorganic matter and the older building is very much dirtier than the newer greenhouses as a result of the potential condition of smoke and the passing of many years. That there has been an invasion of the premises and property of plaintiffs by dust emanating from defendants' mill. That this dust is a food upon which, for want of a better name, the white fungus can develop and grow. That there are other elements not chargeable to the defendant going to make up the present condition of plaintiffs' premises . . . ; that the dust from defendants' plant is only a part and is not the full cause of the condition of plaintiffs' premises. . . . That greenhouses can be and are washed with glass in place at a reasonable cost. That this cleaning method will successfully clean the glass panes but will not completely clean the overlap where the glass panes join and the only means which will put plaintiffs' greenhouses into a new condition by cleaning this overlap portion of the glass panes is the removal, cleaning, and reinstallation of the glass panes, and the reasonable

cost of such an undertaking would be Seventy Five Hundred Dollars ($7,500.00). That when the dirt on plaintiffs' greenhouses began to be noticeably accumulated and not wash off with a hose, as plaintiffs testified had been their custom, they took no active steps to eliminate it. That plaintiffs' testimony sustains the contention that the cloudiness of glass is brought about in part from the adhesions of the mill material to the glass. . . . That without detailing, defendants should pay 60% of the cost of cleaning and painting as proposed by plaintiffs, or Forty Five Hundred Dollars ($4,500.00). . . . That plaintiffs are suffering a continuing damage and are entitled to an injunction declaring the defendant should so operate its plant that dust from the operation does not pass over and settle upon the property of the plaintiffs so as to cause damage to said property."

After making the above findings, the trial court entered judgment for forty-five hundred dollars and granted a "mandatory injunction" requiring defendant

". . . to so operate its Plant that dust from the operation thereof does not pass over and settle upon the property of the plaintiffs and defendant be, and hereby is restrained from the operation of said mill in its present condition and until it has so modified the operation thereof that dust therefrom will not pass over, onto and settle upon the greenhouses and property of plaintiffs."

It is quite apparent that the findings sustain the decree.

Judgment is affirmed.

MILLARD, SIMPSON, and SCHWELLENBACH, JJ., concur.
MALLERY, C. J., dissents.