[No. 30706.   Department One.   December 10, 1948.]

SILAS S. WOODARD *et al.*, *Respondents and Cross-appellants,*
v. LEONARD KUHN *et al.*, *Appellants.*[1]

*Joe L. Johnson*, for respondents and cross-appellants.

HILL, J.—A collision between two logging trucks, one owned by Silas and Jefferson Woodard and the other by Leonard Kuhn and wife, resulted in an action for damages by the Woodards against the Kuhns. The trial court found that the collision was caused by the negligence of Leonard

[1]Reported in 200 P. (2d) 739.

Kuhn; gave the Woodards a judgment, entered on February 13, 1948, for the damages to their truck; but refused to permit them to recover for the loss of its use during the period required to repair it.

The Kuhns gave notice of appeal and filed their bond; the Woodards cross-appealed from the court's refusal to award them damages for the loss of the use of their truck. The Kuhns did not prosecute the appeal, filed no statement of facts, and have made no appearance in this court. The Woodards filed a proposed statement of facts in the superior court on July 8, 1948, 146 days subsequent to the entry of the judgment.

■ We have repeatedly and recently declared that Rule of Supreme Court 9 (1), 18 Wn. (2d) 9-a, which requires the filing of a statement of facts within ninety days after the entry of the judgment appealed from, is mandatory and jurisdictional, and that a statement of facts filed after the time prescribed will be stricken. *Black v. Porter*, 31 Wn. (2d) 664, 198 P. (2d) 670, and cases therein cited. The rule makes no distinction between appellants and cross-appellants. The statement of facts will be stricken.

■ But one question remains: Do the findings of the trial court support the judgment? *Remlinger v. Grange Store*, 27 Wn. (2d) 430, 178 P. (2d) 723, and cases there cited. In the present case, that comprehensive question might in the interests of clarity be phrased: Can it be determined from the findings that an additional element of damages should have been included in the judgment?

The trial court found that Leonard Kuhn's negligence was the proximate cause of the collision and that the truck of the Woodards was damaged in the sum of $1,416.83, and judgment was entered against the Kuhns in that amount. Any appeal from the affirmative portion of that judgment has been abandoned. On the phase of the case brought before us on the Woodards' cross-appeal, *i.e.*, the failure to allow damages for loss of use, the only material finding of fact is as follows:

"That plaintiffs [Woodards] lost the use of said truck for a period of approximately two months; that said period of approximately two months is not a time certain and that the plaintiffs therefore are not entitled to recover from the defendants [Kuhns] for the loss of use of said truck."

From this finding, the court made the following conclusion of law: "That the plaintiffs are not entitled to recover from the defendants . . . for the loss of use of their truck."

■■ It seems to us that "approximately two months" must be at least one month and conceivably six weeks, and we therefore do not agree with the trial court that the Woodards' recovery for the loss of use of their truck is prevented because of uncertainty as to the time element. However, there is no finding as to the rental or use value of the truck during that period, and without a statement of facts we cannot determine whether a finding on that issue could or should have been made. In the absence of such a finding, it cannot be said that the trial court erred in failing to include in the judgment damages for the loss of use of the truck.

The judgment must be affirmed.

MALLERY, C. J., BEALS, STEINERT, and SIMPSON, JJ., concur.