[No. 31053. Department One. March 3, 1950.]

LLOYD E. CORNELIUS, *Respondent and Cross-appellant*, v.
JACK STEINBERG *et al., Appellants.*[1]

*Jack Steinberg, pro se.*

*E. P. Whiting,* for respondent and cross-appellant.

SCHWELLENBACH, J.—This action was brought for the purpose of foreclosing a contractor's lien upon property owned by defendants Steinberg. After a hearing, findings of fact, conclusions of law, and a decree were entered in favor of the plaintiff and against the defendants. The decree was in the sum of $2,281.67, plus interest and costs. The decree provided for an attorney's fee of $500 in the superior court and $250 in the supreme court if the defendants appealed and the decree were affirmed.

Defendants served notice of appeal and filed the same, and a cost bond on appeal. Plaintiff filed a notice of cross-appeal and the required cost bond. No statement of facts was served or filed. No transcript of the record was furnished. Appellants did not serve or file briefs on appeal.

[1] Reported in 215 P. (2d) 439.

After the expiration of ninety days, respondent filed in this court a transcript of the record, and moved to dismiss the appeal and affirm the judgment.

After hearing, this court made the following order: "Motion granted as to dismissal of appeal only." We are now concerned with the cross-appeal. Cross-appellant makes the following assignments of error:

"1. The court erred in deducting from the amount allowed as extras the item of a credit on the plumbing contract in the sum of $545.90 instead of allowing this amount as an offset.

"2. The court erred in allowing credit for the amount paid to Curtis Manufacturing Company for wardrobes and cabinets ordered by defendants from said company in the sum of $475.

"3. The court erred in allowing the sum of $150 for 'failure to slant flat deck roof' and 'credit for damages for failure to make flat deck roof slanting' in the sum of $200.

"4. The court erred in allowing the sum of $500 only as attorney's fees in the Superior Court instead of the sum of $1,500 as prayed in plaintiff's Complaint."

No statement of facts having been filed, the only question before the court is whether the findings support the judgment. *Woodard v. Kuhn*, 32 Wn. (2d) 96, 200 P. (2d) 739.

As to the first three assignments of error, cross-appellant urges certain claimed inconsistencies in the findings. There being no statement of facts, we must accept the findings as true.

Finding No. XI states:

"That plaintiff's counsel spent a great amount of time and labor in the preparation of said case for trial; that the trial of said case consumed eleven full days between the 26th day of October 1948, and including November 9, 1948; that the Court called for re-argument, and the re-argument and reconsideration of said case consumed eight full days, and in addition to the submission of briefs, and that the reasonable value of the service so rendered in this court was the sum of *$500.00* dollars; that in the event of an appeal by the defendants to the State Supreme Court the reasonable value for attorney's fees to be allowed upon said appeal is the sum of *$250.00* dollars in the event this decision is affirmed."

■  In view of the fact that the case was actually heard twice, we feel that it was an abuse of discretion on the part of the trial court to allow a fee of five hundred dollars for services rendered in the trial court.

The judgment of the trial court is affirmed, with this modification:  The respondent is allowed the sum of $750 for services rendered in the superior court, and the sum of $250 for attorney's fees to be allowed on the appeal.  Cross-appellant is not allowed any costs for his appeal to this court.

SIMPSON, C. J., BEALS, GRADY, and DONWORTH, JJ., concur.