[No. 35194. Department Two. November 27, 1959.]

HELEN C. BEAGLE, *Plaintiff,* v. HARVEY L. BEAGLE, *Relator,*
THE SUPERIOR COURT FOR KING COUNTY,
*William J. Wilkins, Judge, Respondent.*[1]

*Cartano, Botzer & Chapman (Robert A. O'Neill,* of counsel), for respondent.

*Zundel, Merges, Brain & Isaac,* for relator.

WEAVER, C. J.—Relator seeks a writ of mandate directing the superior court to certify a proposed statement of facts.

Appellate procedure in this jurisdiction is governed solely by Rules on Appeal established by this court. Rule on Appeal 32, as amended, effective March 1, 1957 (RCW, Vol. 0), provides:

"In order that the supreme court may secure jurisdiction of an appeal in any civil cause, the appellant need *only* give timely notice of appeal (See Rules 15, 33).

"Failure of the appellant to take any further steps to secure the review of the order, judgment, or decree appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in these rules *or,*

[1] Reported in 346 P. (2d) 689.

when no remedy is specified, *for such action as the supreme court deems appropriate,* which may include dismissal of the appeal." (Italics ours.)

Timely notice of appeal was given in this case. The proposed statement of facts was filed more than ninety days after entry of the decree. No application for extension of time for filing was filed within the ninety-day period. Rule on Appeal 34, RCW, Vol. 0.

Subsequently, the trial judge entered an order that the proposed statement of facts "is hereby stricken from the record in this matter for the reason that the same was not timely filed as required by Rule 34 of the Rules on Appeal."

Next, the trial judge refused to certify the proposed statement of facts on the ground that it had previously been stricken from the record.

Timely notice of appeal having been given, this court acquired jurisdiction. Although the superior court retains jurisdiction

". . . for the purpose of *settlement and certification* of the statement of facts, and for all other purposes as might be directed by order of the supreme court." (Italics ours.) Rule on Appeal 15, as amended, effective March 1, 1957, RCW, Vol. 0.,

there is nothing in the Rules on Appeal authorizing the superior court to *strike* a proposed statement of facts from the appellate record. That power is vested in this court.

■ We adopt the language of this court in *Schultz v. Anderson,* 191 Wash. 326, 329, 71 P. (2d) 365 (1937), as controlling the instant case. Therein, this court said:

"It is a matter of common knowledge that the trial court, in certifying a statement of facts, simply certifies to its contents. That is all that the court is required to do under the statute. [Now by rule of court.] . . . *It is no concern of the trial court whether the statement of facts is timely filed or not.* The requirement as to serving and filing a statement of facts within the ninety-day period is prescribed by a rule of this court. Rem. Rev. Stat., § 308-7 [P.C. § 8676-10], *and the remedy for failure to comply with the rule is by motion, in this court,* to strike the statement as certified. *Potlatch Lumber Co. v. Ferry County,* 167 Wash. 491, 9 P.

(2d) 783; *McCrabbe v. Jones,* 171 Wash. 326, 17 P. (2d) 860." (Italics ours.)

Accordingly, the writ of mandate shall issue, and the cause is remanded to the superior court to consider the settlement and certification of the proposed statement of facts in the light of the law applicable thereto.

In these circumstances, the time for filing and serving briefs on appeal shall be computed from the date of certification of the statement of facts, should the same be certified.

It is so ordered.

MALLERY, FINLEY, ROSELLINI, and FOSTER, JJ., concur.