[No. 35194. Department Two. February 4, 1960.]

HELEN C. BEAGLE, *Plaintiff*, v. HARVEY L. BEAGLE, *Defendant and Relator*, THE SUPERIOR COURT FOR KING COUNTY, *William J. Wilkins, Judge, Respondent*.[1]

*Cartano, Botzer & Chapman* (*Robert A. O'Neill*, of counsel), for plaintiff.

*Zundel, Merges, Brain & Isaac*, for defendant and relator.

PER CURIAM.—Respondent moves to strike the statement of facts from the record on appeal for the reason that it was not timely filed, in accordance with Rule on Appeal 34, RCW, Vol. 0. The proposed statement of facts was filed more than ninety days after entry of the decree. No application for extension of time for filing was filed within the ninety-day period, or at all. See *Beagle v. Beagle, ante* p. 174, 346 P. (2d) 689 (1959).

In the exercise of our discretion (since the timely filing of a statement of facts is no longer jurisdictional), we deny the motion to strike the statement of facts; but, pursuant to Rule on Appeal 7, RCW, Vol. 0, we impose upon appellant's counsel, for failure to observe the Rules on Appeal, terms of one hundred dollars to be paid to respondent's counsel as attorney's fees.

It is so ordered.

[1]Reported in 349 P. (2d) 241.

[No. 35248. Department One. February 4, 1960.]

*In the Matter of the Welfare of* JOHNETTE GOUDIE, *a Minor*.[1]

*Zundel, Merges, Brain & Isaac* (*Thomas J. Isaac*, of counsel), for relator.

*Harry A. Follman* and *Walter J. Deierlein, Jr.*, for respondent.

PER CURIAM.—This is a review by certiorari of an order of the juvenile court for Skagit county entered on May 11, 1959, permanently depriving the relator father of the custody of his minor daughter.

We find substantial evidence in the record to support such determination. The order entered by the juvenile court is therefore affirmed.

[1]Reported in 348 P. (2d) 976.