**UNITED STATES of America, Appellant,**

v.

**Robert E. BOWEN, Appellee.**

**No. 19862.**

United States Court of Appeals
Fifth Circuit.

Aug. 3, 1962.

See also 290 F.2d 40.

Morton Hollander and David L. Rose, Atty., Dept. of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., Miami, Fla., for appellant.

No appearance for appellee.

Before CAMERON, JONES and BELL, Circuit Judges.

PER CURIAM.

The United States of America filed its notice of appeal in this cause on May 25, 1962, a few days before the expiration of the sixty-day appeal period. The time for docketing the case and filing the record with the Clerk of this Court, as extended by the District Judge, expired on July 5, 1962. A motion for a further extension was submitted to and denied by the District Judge.

On July 14, 1962, the United States Attorney filed with the Clerk of this Court a motion requesting an extension of time of fifty days from July 5, 1962. To show cause for the extension requested the motion recites that "the Solicitor General of the United States has not as yet determined whether or not an appeal in this cause should be prosecuted, among the reasons therefor being that it was necessary for the appellant to take some 34 oral depositions and 2 written interrogatories in this cause, many of which were taken in Europe; that the evidence obtained thereby could not be presented at the final hearing in this cause on March 21, 1962; that all evidence is presently in the possession of the appellant and is being evaluated by the Solicitor General of the United States."

The Rules of this Court provide:

"It shall be the duty of the Appellant to docket the case and file the record thereof with the clerk of this court by or before the return day, whether in vacation or in term time. But for good cause shown the judge of the District Court or any judge of this court may enlarge the time before its expiration, provided such time shall not be extended to a day more than ninety days from the date of the notice of appeal."

There was no application to this Court or to a judge of this Court before the time had expired. The assembled Court might, in the exercise of its discretion, waive the rule and permit the cause to be docketed. Cowden v. Addis, 5th Cir. 1932, 55 F.2d 230. No reason is assigned for not making application to this Court for an extension until after the time had expired. No reasons were assigned for the delay in the evaluation of the documents mentioned. It is not shown why the evidence, so called which was not before the district court would affect a decision of the cause on appeal.

It is our view that good cause for a further extension has not been shown, particularly since it was not made within the prescribed time. We do not think that the case is one where, in the exercise of discretion, the rule should be waived.

It is therefore ordered that the appellant's motion for a further extension of time for docketing the cause and filing the record be denied, that the cause be docketed in this Court, and that the appeal be dismissed. Mohawk Rubber Company v. Leachman, 5th Cir. 1954, 216 F.2d 187. Cf. McKee v. Great Lakes Pipe Line Co., 8th Cir. 1935, 79 F.2d 384.

Appeal dismissed.