UNITED STATES of America,
Appellant,

v.

Robert E. BOWEN, Appellee.

No. 19862.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1962.

Morton Hollander, David L. Rose, Attys., Dept. of Justice, Washington, D. C., John D. Guilfoyle, Asst. Atty. Gen., Edward F. Boardman, U. S. Atty., for appellant.

Before JONES and BELL, Circuit Judges, and ESTES, District Judge.

JONES, Circuit Judge.

In this action the United States sought a money judgment in the United States District Court for the Southern District of Florida, against the appellee, Robert E. Bowen. A judgment was entered dismissing the action for failure to state a claim upon which relief could be granted. This Court reversed. United States v. Bowen, 5th Cir.1961, 290 F.2d 40. A trial resulted in a judgment for Bowen. Notice of appeal was filed on May 25, 1962, by the United States. The last day for filing the record and docketing the appeal was July 5, 1962.[1] On July

---

1. The statement contained in our opinion of August 3, 1962, United States v. Bowen, 306 F.2d 620, that the district court had entered an order extending the time is incorrect.

3, 1962, at the telegraphed direction of the Chief of the Appellate Section of the Department of Justice, a motion for a fifty-day extension of the time for filing the record and docketing the appeal was prepared in the office of the United States Attorney in Miami, Florida, and on that day was delivered to the law clerk of the district judge who had presided at the trial. The law clerk was told that the order must be entered on or before July 5th and he assured the Assistant District Attorney that the matter would be brought to the judge's attention for timely consideration. July 5th came and went, and the Assistant District Attorney assumed that the order had been entered but made no inquiry. On July 6th the judge signed an order denying the extension of time.

On July 14th the United States filed with this Court its motion for a fifty-day extension from July 5th. The reason given for the requested extension was

"That the Solicitor General of the United States has not as yet determined whether or not an appeal in this cause should be prosecuted, among the reasons therefor being that it was necessary for the appellant to take some 34 oral depositions and 2 written interrogatories in this cause, many of which were taken in Europe; that the evidence obtained thereby could not be presented at the final hearing in this case on March 21, 1962; that all evidence is presently in the possession of the appellant and is being evaluated by the Solicitor General of the United States."

The motion was denied and the appeal was dismissed on August 3, 1962. United States v. Bowen, 5th Cir., 1962, 306 F.2d 620. The United States then filed its motion for rehearing and reconsideration of the August 3rd order, for reinstatement of the appeal and for leave to file the record out of time. The motion was referred to a panel of the Court which could hear oral argument, one judge being different from those comprising the Court which entered the order of August 3rd. In this motion of the United States it is recited that each decision in a civil case by a district court, adverse to the Government, is analyzed by an attorney in the Appellate Section of the Civil Division of the Department of Justice. This analysis forms the basis of a recommendation to the Solicitor General as to whether an appeal should be prosecuted. The attorney to whom the Bowen case was referred had other cases before him which were regarded by him or by his superiors as more important than the Bowen case and hence no determination was made as to whether or not to appeal until after the time for filing and docketing had expired. The motion was supplemented by an affidavit of the Appellate Section attorney to whom the case was referred for review, and by the affidavit of the Assistant District Attorney who had prepared the motion in the district court. In the latter affidavit it is recited that the "Affiant assumed that the order would be signed, filed with the Clerk of the Court, and that we would receive a copy in the mail in the usual manner." And again in the affidavit it is said that "Affiant is unable to recall any instances in which the Court has failed to grant the extension." The affidavit then repeated that "Affiant assumed that the extension would be granted in this case pro forma." It was not until July 11th, five days after the entry of the district court order, that the United States learned of its entry by receiving a copy in the mail.

It is provided in the Federal Rules of Civil Procedure:

"The record on appeal as provided for in Rules 75 and 76 shall be filed with the appellate court and the appeal there docketed within 40 days from the date of filing the notice of appeal; * * *. In all cases the district court in its discretion and with or without motion or notice may extend the time for filing the record on appeal and docketing the appeal, if its order for extension is made before the expiration of the

period for filing and docketing as originally prescribed or as extended by a previous order; * * *." Fed.Rules Civ.Proc. Rule 73(g), 28 U.S.C.A.

The Rules of this Court provide:

"It shall be the duty of the appellant to docket the case and file the record thereof with the clerk of this court by or before the return day, whether in vacation or in term time. But for good cause shown the judge of the District Court or any judge of this court may enlarge the time before its expiration, provided such time shall not be extended to a day more than ninety days from the date of the notice of appeal." Rule 16, Fifth Circuit Court of Appeals.

This Court has the power, in the exercise of its discretion, to extend the time for filing and docketing even though the time prescribed has expired. Pyramid Motor Freight Corporation v. Ispass, 330 U.S. 695, 67 S.Ct. 954, 91 L. Ed. 1184; Phillips v. Employers Mutual Liability Ins. Co. of Wis., 5th Cir.1956, 239 F.2d 79; Martin v. Handy-Andy Community Stores, 5th Cir.1954, 214 F. 2d 10. The reason given for failure to seek an extension from this Court prior to the expiration of the Rule 73(g) period is that Government counsel expected an order would be entered by the district court pro forma and so no inquiry was made on the last day of the period or thereafter. We do not think counsel are entitled to indulge in assumptions where there is an express grant of judicial discretion. It does not appear to us that there was an abuse of the district judge's discretion. The representation that counsel in the Justice Department was engaged upon other matters does not, we conclude, require that we override the district court's decision or exercise our discretion in favor of a retroactive extension. We agree with the statement of the Ninth Circuit that the preoccupation of counsel with other matters does not dispense with the necessity for a compliance with the rules. Tucker Products Corporation v. Helms, 9th Cir.1948, 171 F.2d 126, cert. den. 336 U.S. 938, 69 S.Ct. 748, 93 L.Ed. 1096.

We adhere to our prior order of dismissal and the motion of the United States is

Denied.