[No. 79-41245-3.   Division Three.   December 29, 1969.]

RONALD L. EWER, *Respondent,* v. GOODYEAR TIRE AND RUBBER COMPANY, *Appellant.*

*William H. Mays* (of *Gavin, Robinson, Kendrick, Redman & Mays*), for appellant.

*James R. Thomas* and *Richard B. Price* (of *Wicks, Thomas & Price*), for respondent.

MUNSON, J.—Respondent moves for dismissal of the appeal or in the alternative for an order striking the statement of facts.

A jury verdict was rendered in the instant case on April 1, 1969; appellant's motion for judgment n.o.v. and alternative motion for new trial were denied and judgment on the verdict entered on April 22, 1969. Notice of appeal was filed within 30 days thereafter. The statement of facts was ordered from the court reporter 100 days after judgment was entered, after receipt by appellant of respondent's present motion. The case was subsequently transferred from the Supreme Court to the Court of Appeals. The statement of facts was filed in the trial court on October 16, 1969.

Timely filing of a transcript and statement of facts is not a jurisdictional prerequisite to review and is discretionary in the Court of Appeals, as in the Supreme Court. *Beagle v. Beagle*, 55 Wn.2d 908, 349 P.2d 241 (1960); *Neal v. Green*, 68 Wn.2d 415, 413 P.2d 339 (1966); ROA I-32; CAROA 32.

Appellant's counsel believed he had a gentlemen's agreement with respondent's counsel that it was unnecessary to prepare a statement of facts during the pendency of settlement negotiations, after judgment had been entered. Respondent denies any such agreement. There was no request for extending time for the filing of the proposed statement of facts under either ROA I-34(1) or CAROA 34(1).

This court is aware that in the recent past, because of the backlog of cases on appellate review, arguments have been delayed up to 2 years. Gentlemen's agreements between members of the bar for extensions of time, without benefit of court approval or without objection by acquiescing counsel, have also resulted in delays accruing before the matter

is ready to be heard on argument. Furthermore, the press of other business many times has placed counsel in a position of being unable to comply with the time requirements.

Compliance with the Court of Appeals Rules on Appeal is necessary for the orderly and timely administration of judicial review. If, in fact, counsel believe they have good cause for delay in filing the statement of facts or the meeting of any other requirements, the same should be set forth by affidavit or stipulation of appellate counsel for all parties, accompanied by appropriate motion for consideration of the chief judge to grant an extension of such time pursuant to CAROA 34(1) and/or CAROA 41(1). Rules for appeals from the superior court do not contemplate extensions of time by agreement of counsel without approval of the court. It should be further pointed out that excusable neglect under federal rules of appellate procedure have been held not to include preoccupation of counsel with other legal matters. *United States v. Bowen,* 310 F.2d 45 (5th Cir. 1962); *Citizens' Protective League v. Clark,* 178 F.2d 703 (D. C. Cir. 1949); *Tucker Prods. Corp. v. Helms,* 171 F.2d 126 (9th Cir. 1948); *Maghan v. Young,* 154 F.2d 13 (D. C. Cir. 1946).

The Court of Appeals was created because of the extensive backlog of cases awaiting review by our Supreme Court. The Court of Appeals is now reducing that backlog as quickly as possible. However, it is speculative whether this case could have been heard during the winter term by this division, even if the time requirements had been met. Therefore, exercising our discretion, we do not feel the respondent has been prejudiced in the instant case. The court's exercise of its discretion in these matters may not be so lax in the future.

We feel the same reasoning is applicable to respondent's motion to strike the statement of facts. Counsel for respondent having advised this court in oral argument he did not desire terms, none shall be awarded.

EVANS, C. J., and GREEN, J., concur.