905 F.2d 699
 16 Fed.R.Serv.3d 1373
 Michael VIANELLO, Appellant,
v.
Joseph G. PACIFICO; Rendish, Corporal, Seargent,
Lieutenant, Captain, Major, Colonel, Commissioner,
Chain of Command, Governor; Glenn
Gorger; Commonwealth of Pa.;
Pennsylvania State Police.
 No. 90-5038.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
May 7, 1990.
Decided June 15, 1990.
 
 Michael Vianello, Brodheadsville, Pa., pro se.
 Ernest D. Preate, Jr., Atty. Gen., Michael L. Harvey, Deputy Atty. Gen., Calvin R. Koons, Sr. Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., Chief, Litigation Section, Pennsylvania Dept. of Justice, Harrisburg, Pa., for appellees Pacifico, Rendish & Governor.
 Nancy E. Stark, Philadelphia, Pa., for appellee Gorger.
 Before BECKER, GREENBERG and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 VAN DUSEN, Senior Circuit Judge.
 
 
 1
 Plaintiff-appellant, Michael Vianello, appeals from an order of the United States District Court for the Middle District of Pennsylvania denying his Fed.R.App.P. 4(a)(5) motion to extend the time for filing a notice of appeal. For the reasons which follow, we will reverse and remand to the district court for further consideration.
 
 I.
 
 2
 The relevant facts in this case are straightforward and uncontested. Plaintiff is a resident of Brodheadsville, Pennsylvania. On January 29, 1988, he brought the underlying 42 U.S.C. Sec. 1983 civil rights action against various Pennsylvania officials in the district court. On March 31, 1989, the district court dismissed plaintiff's action for failure to timely prosecute and follow the rules of court, and for failure to state a claim upon which relief can be granted. Plaintiff thereupon timely moved the district court for reconsideration of its order. This motion was denied on September 6, 1989.
 
 
 3
 On November 3, 1989, twenty-eight days after the thirty-day deadline for appealing,[1] plaintiff filed a notice of appeal of the March 31, 1989, and September 6, 1989, orders, and a Fed.R.App.P. 4(a)(5) motion for extension of time to file the notice of appeal. As a basis for his assertion that he should be granted an extension of time to file his appeal, plaintiff asserted that he had not been informed by the court Clerk that his motion for reconsideration had been denied, and that he was unaware of the fact until October 31, 1989, when he called the Clerk's office to check on the status of his motion for reconsideration.
 
 
 4
 On December 1, 1989, the district court denied plaintiff's motion for an extension of time to file an appeal. The district court did so because it concluded that Fed.R.Civ.P. 77(d) precluded it from granting plaintiff's motion because it specifically provides that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed." Plaintiff's appeal from the district court's March 31 and September 6, 1989, orders was then dismissed by another panel of this court because it was not filed within the time allowed for filing an appeal.[2]
 
 
 5
 Plaintiff now appeals from the district court's December 1, 1989, order denying his motion for an extension of time to file an appeal.
 
 II.
 
 6
 Fed.R.App.P. 4(a)(1) provides that a notice of appeal must be filed within thirty days after the entry of the judgment or order appealed from. Fed.R.App.P. 4(a)(5) provides that the district court may, upon a showing of excusable neglect or good cause, extend the time for filing a notice of appeal upon a motion filed not later than thirty days after the expiration of the time prescribed in the rule. Here, plaintiff filed his motion for extension of time to file notice of appeal on November 3, 1989, within thirty days of the expiration of the time to file an appeal, and the only issue presented for our consideration is whether the district court erred by denying it.
 
 
 7
 To the degree that the district court makes its ruling in granting or denying a Fed.R.App.P. 4(a)(5) motion for extension of time to file an appeal based upon a precept of law, our review is plenary; otherwise it is for abuse of discretion. Consolidated Freightways Corp. of Del. v. Larson, 827 F.2d 916, 918 (3d Cir.1987), cert. denied, 484 U.S. 1032, 108 S.Ct. 762, 98 L.Ed.2d 775 (1988). As noted, in the present case, the district court based its decision on the fact that Fed.R.Civ.P. 77(d) specifically provides that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed."[3] Accordingly, because the district court's decision was based upon a precept of law, our review is plenary.
 
 
 8
 Applying plenary review, we note that, while Fed.R.Civ.P. 77(d) does indeed contain the language the district court noted, it also continues on to provide "except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Thus, the pertinent part of the rule provides, in full:
 
 
 9
 "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure."Fed.R.Civ.P. 77(d). The rule thus contemplates on its face that, at least in some situations, lack of notice of an entry by the Clerk can justify the granting of a Fed.R.App.P. 4 motion to extend the time for filing a notice of appeal due to excusable neglect.
 
 
 10
 Further guidance is found in the Advisory Committee Note to the rule, which provides in part:
 
 
 11
 "Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal; but in considering an application for extension of time for appeal as provided in Rule 73(a) [later recodified at Fed.R.App. 4(a) ], the court may take into account, as one of the factors affecting its decision, whether the clerk failed to give notice as provided in Rule 77(d), or the party failed to receive the clerk's notice. It need not, however, extend the time for appeal merely because the clerk's notice was not sent or received. It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of a judgment."
 
 
 12
 Advisory Committee Note to Fed.R.Civ.P. 77(d) (emphasis added).
 
 
 13
 Thus, the Advisory Committee Note indicates that the district court may take into account, as one factor in making its decision, the Clerk's failure to give notice of entry of judgment, but that the district court is not required to extend the time for filing a notice of appeal merely because of the Clerk's failure. See also McGarr v. United States, 736 F.2d 912, 919 (3d Cir.1984) ("lack of notice of the entry of a judgment does not automatically authorize [Fed.R.App.P. 4(a)(5) ] relief [from the requirement that a notice of appeal be filed within 30 days] ... [b]ut lack of such notice is certainly a factor in the excusable neglect determination").[4]
 
 
 14
 Accordingly, based on the language of the rule and the Advisory Committee Note thereto, as well as the language of McGarr, we hold that the district court's conclusion that Fed.R.Civ.P. 77(d) barred it from granting plaintiff's motion for extension of time to file a notice of appeal due to excusable neglect was in error. We will, therefore, reverse and remand plaintiff's motion to the district court for further consideration. On remand, the district court may consider, as one factor in making its decision, whether the Clerk failed to give proper notice of the denial of plaintiff's motion for reconsideration. If this is the only factor supporting plaintiff's argument, the district court may, but is not required to, grant the motion. We, of course, intimate no view as to how the district court should dispose of the motion.
 
 III.
 
 15
 For the foregoing reasons, the order of the district court will be reversed and the case remanded to the district court for further consideration of plaintiff's motion to file his appeal late due to excusable neglect.
 
 
 
 [1]
 Pursuant to Fed.R.App.P. 4(a)(4), the thirty-day period for appealing ran from the date the motion for reconsideration was denied, September 6, 1989
 
 
 [2]
 Plaintiff has filed a petition for rehearing with respect to that order. The petition has been denied without prejudice to the right of petitioner to reinstate the appeal in the event the district court grants an extension of time to appeal under Fed.R.App.P. 4(a)(1)
 
 
 [3]
 The district court's exact wording was:
 "Plaintiff argues the untimely filing of the notice of appeal should be allowed because he allegedly failed to receive notice from the Clerk of Courts of this Court's September 6th Order denying the motion for reconsideration. However, Federal Rule of Civil Procedure 77(d) specifically provides: 'Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed....' F.R.Civ.P. 77(d), emphasis added. (See also, In Re General Tire & Rubber Co. Sec. Litigation [apparently meant to be Alamo Chemical Transp. Co. v. M/V Overseas Valdes], 726 F.2d 1073 (5th Cir.1984), dismissing appeal for failure to file within 30 days even though clerk failed to provide notice of entry of judgment.).
 "In light of the above, Plaintiff's motion will be denied."
 
 
 [4]
 See additionally In re Cosmopolitan Aviation Corp., 763 F.2d 507, 514 (2d Cir.), cert. denied sub nom. Rothman v. New York State Department of Transportation, 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985) ("given the appropriate circumstances, failure to hear that judgment has been entered may be the basis for a finding of excusable neglect," allowing an extension of time to file an appeal); Silvia v. Laurie, 594 F.2d 892, 893 (1st Cir.1979) (per curiam) ("failure to receive notice [of the district court's judgment] can constitute a showing of excusable neglect sufficient to allow a district court to extend the time for appeal"); Benoist v. Brotherhood of Locomotive Engineers, 555 F.2d 671, 672 (8th Cir.1977) (per curiam) ("In general, excusable neglect [allowing an extension of time to file an appeal] may be found where a party has failed to learn of an entry of judgment"). But see Mennen Co. v. Gillette Co., 719 F.2d 568, 570 (2d Cir.1983) ("the mere failure of the clerk to give the parties notification that judgment has been entered does not provide grounds for a finding of excusable neglect nor warrant an extension of time to appeal"); Fase v. Seafarers Welf. & Pension Plan, 574 F.2d 72, 77 (2d Cir.1978) (no excusable neglect due to clerk's failure to send entry of judgment to parties where each party received copies of the district court's memorandum opinion and order immediately after they were filed)
 We also note that the case relied upon by the district court, Alamo Chemical Transp. Co. v. M/V Overseas Valdes, 726 F.2d 1073 (5th Cir.1984), held only that, because of the wording of Fed.R.Civ.P. 77, failure of the court clerk to give notice of the entry of a judgment could not support the granting of a motion to file an appeal late pursuant to Fed.R.Civ.P. 60. As noted, the language of Fed.R.Civ.P. 77 contains an exception for Fed.R.App.P. 4 motions. It does not contain a similar exception for Fed.R.Civ.P. 60 motions.