915 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carol ALOQAILI; Abraham Aloqaili; Fatima Aloqaili, by &
through Carol Aloqaili, Plaintiffs-Appellees,
v.
NATIONAL HOUSING CORPORATION, formerly known as Showe Realty
Co; Charles Bowser; Billie Lou Bowser; Jack
Fillinger; Dee Fillinger; Darrell
Overton; Deborah Overton;
Defendants.
Findlay Green Apartments, Defendant-Appellant.
 No. 90-3758.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1990.
 
 1
 Before BOYCE F. MARTIN and ALAN E. NORRIS, Circuit Judges; and WISEMAN, Chief District Judge.*
 
 ORDER
 
 2
 Seven of the eight defendants in this action for housing discrimination filed a notice of appeal from judgment in favor of the plaintiffs. (Case No. 90-3646). The plaintiffs cross-appealed. (90-3647). Within thirty days after the expiration of its time for appeal, the eighth defendant, Findlay Green Apartments (Findlay Green), moved for an extension of time to appeal. The district court granted the motion without hearing or response from the plaintiffs. Findlay Green then filed its notice of appeal. (90-3758). The plaintiffs now move for dismissal of Case No. 90-3758, Findlay Green's appeal, on grounds that the district court abused its discretion in extending the time for appeal. Findlay Green responds in opposition.
 
 
 3
 The first notice of appeal was insufficient to confer appellate jurisdiction upon Findlay Green. Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988); Minority Employees v. Tennessee, 901 F.2d 1327 (6th Cir.1990) (en banc). In granting the motion to extend filed by Findlay Green, the district court did not afford the plaintiffs an opportunity to respond, nor state in its order what unique or extraordinary circumstances required an extension of time. This constitutes an abuse of discretion. Baker v. Raulie, 879 F.2d 1396 (6th Cir.1989) (per curiam).
 
 
 4
 We further conclude, as in Baker, that a remand in this case would serve no logical purpose as Findlay Green did not allege circumstances which would warrant an extension. To be entitled to an extension of time for appeal under Fed.R.App.P. 4(a)(5), the defendant was required to show excusable neglect, a standard which is " 'strict' and can be met only in extraordinary cases." Marsh v. Richardson, 873 F.2d 129, 130 (6th Cir.1989). Findlay Green has only asserted an "inadvertent omission" in this case.
 
 
 5
 It is therefore ORDERED that the district court's order granting Findlay Green an extension of time to appeal is reversed, and this appeal is dismissed for lack of jurisdiction.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief District Judge for the Middle District of Tennessee, sitting by designation