PRATHER, Justice,
for the Court:
I. INTRODUCTION
This case involves an appeal of a chancellor’s rejection of a request to file an out-of- *774 time appeal. Deborah J. Schmitt, adminis-tratix of James W. Ware’s estate, made the request and cited “excusable neglect” as her basis, which the chancellor rejected after holding an evidentiary hearing. In determining whether excusable neglect was evidenced, this Court construed Miss.Sup. Ct.R. 4(g), which permits a chancellor to extend the appellant’s time for filing a notice of appeal.
This Court affirms.

A. Statement of the Case

The facts are undisputed. Following the death of James W. Ware, an order was entered January 9, 1987, appointing Deborah J. Schmitt as administratrix of his estate. On April 9, 1987, Jeraldine Capers, appellee herein, filed a claim against the estate in the amount of $46,147.87, plus interest. On July 26, 1989, Harrison County Chancellor Jason Floyd, Jr. held a trial and then ruled from the bench in favor of Capers. Chancellor Floyd issued a written final judgment on August 15, 1989.
On October 12, 1989, Schmitt filed a motion through which she requested permission to file an out-of-time appeal from the chancellor’s August 15 judgment. At an evidentiary hearing held on December 6, 1989, Schmitt claimed that her failure to file a timely appeal stemmed from “excusable neglect.” She testified that after the July 26 trial, she called her attorney’s home daily for a period of two weeks, trying several times each day to reach him and leaving messages with his sister. She further testified that the attorney never returned her calls and that she finally reached him on the morning of October 9 by telephone. It was at that time when her attorney advised her that the chancellor had ruled in favor of Capers and that it was too late to appeal. Schmitt then hired a new attorney and filed the motion for permission to appeal out of time.
The chancellor concluded that, under these facts, excusable neglect was not evidenced and that an out-of-time appeal was not justified. Schmitt appealed.

B. The Issue

The sole issue in this case is whether the chancellor erred by refusing to permit Schmitt to file an out-of-time appeal.
II. ANALYSIS

A. Relevant Law

Pursuant to Supreme Court Rule 4(a), a notice of appeal must be filed “within 30 days after the date of entry of the judgment or order appealed from.” See also Landrum v. Bailey, 475 So.2d 140 (Miss.1985). This rule is “mandatory and jurisdictional,” and this Court has no authority to extend the time for filing an appeal. See Miss.Sup.Ct.R. 2(c) & 26(b); see also L. MUNFORD, MISSISSIPPI SUPREME COURT PRACTICE §§ 6-6 & 6-7 (1989). Only trial judges may grant an extension, and their discretionary decisions are limited by Rule 4(g). This rule provides:
(g) Extensions. The trial court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule. Any such motion which is filed before expiration of the prescribed time may be granted for good cause and may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to other parties, and the motion shall be granted only upon a showing of excusable neglect. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.
(emphasis added). The comment to this rule explains:
Rule 4(g) is new and is based on Fed.R. App.P. 4(a)(5). Rule 4(g) has been drafted to cure ambiguities in the federal rule. A motion filed before expiration of the 30 day period may be ex parte and may be' granted for any “good cause.” This standard is identical to that found in Rule 26. The extension may not go beyond 30 days after the time prescribed in Rule 4(a).
*775 If the motion is not filed until the extension period has begun to run, the burden rests on the appellant to show the failure to file a timely notice was a result of “excusable neglect.” Mere failure to learn of entry of the judgment is generally not a ground for showing excusable neglect. Counsel in a case taken under advisement has a duty to check the docket regularly. But see City of Gulfport v. Saxon [Saxton], 437 So.2d 1215, 1217 (Miss.1983) (when trial court sits as an appellate court, parties may reasonably expect notification from the court or clerk when a ruling is made). Filing a notice is a simple act, and a party must do all it could reasonably be expected to do to perfect the appeal in a timely fashion. Counsel’s failure to read published rules of court and counsel’s reliance on mistaken legal advice from a trial court clerk will not show excusable neglect. Campbell v. Bowlin, 724 F.2d 484, 488 (5th Cir.1984); Reed v. Kroger Co., 478 F.2d 1268 (T.E.C.A.1973). Excusable neglect will not be shown by counsel’s busy trial schedule. Pinero Schroeder v. Fed. Nat’l Ass’n, 574 F.2d 1117 (1st Cir.1978).
On the other hand, a party misled by actions of the court can establish excusable neglect. See Chipser v. Kohlmeyer & Co., 600 F.2d 1061 (5th Cir.1979); In re Morrow, 502 F.2d 520, 522 (5th Cir.1974) (dictum). Excusable neglect may be shown where a timely mailed notice was late because of unanticipated and uncontrollable delays in the mail. Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964). See generally 9 W. Moore, Federal Practice.
An excusable neglect motion must be filed within the 30 day extension period. The extension will be limited to that period or to a period ending 10 days after the entry of an order granting the motion, whichever occurs later.
This Court has declared unequivocally that the “mandatory” 30-day rule will be “strictly enforced” — i.e., “appeals not perfected within thirty days will be dismissed, period." And “[ljitigants are entitled to expect that we will do what we say.” Tan-dy Electronics, Inc. v. Fletcher, 554 So.2d 308, 310 (Miss.1989). In Tandy Electronics, Inc., this Court refused to provide the appellant, Tandy, with relief after it filed an appeal one day past the 30-day time limit. 554 So.2d at 312 (Tandy did not explain why it filed late); see also Telford v. Aloway, 530 So.2d 179, 180-81 (Miss.1988); Landrum v. Bailey, 475 So.2d 140, 141 (Miss.1985); Clark v. City of Pascagoula, 473 So.2d 477, 478 (Miss.1985).
As the “comment” to Rule 4(g) notes, the rule “is new and is based on Fed.R.App.P. j(a)(5).” Thus, perusal of federal treatment of requests for an out-of-time appeal is persuasive and instrumental in the disposition of the case sub judice. Recent federal case law reflects continued strict enforcement of the 30-day time limit by courts. See, e.g., Aloqaili v. Nat’l Housing Auth., 915 F.2d 1570 (1990 WL 155281, at 3 [full text table] (6th Cir.1990)) (“To be entitled to an extension of time ... the defendant was required to show excusable neglect, a standard which is ‘strict’ and can be met only in extraordinary cases.”) (citing cases); Allied Steel v. City of Abilene, 909 F.2d 139, 142 (5th Cir.1990) (“The ‘excusable neglect’ standard ... is intended to be a strict one.”); Parke-Chapley Constr. v. Cherrington, 865 F.2d 907, 911 (7th Cir.1989) (Lenient construction of “ ‘excusable neglect’ would convert the 30-day period for appeal ... into a 60-day one — a result clearly not intended by the Rule’s framers.”) (quoting Judge Friendly, a member of the Advisory Committee which drafted the rule).
Most significant is the federal judiciary’s treatment of excusable-neglect claims which are factually analogous to Schmitt’s claim in the case sub judice. See, e.g., Allied Steel, 909 F.2d at 143 (“distraction” of a client’s attorney, which resulted in untimely appeal, “would not render his neglect ‘excusable’ ”); United States v. Bowen, 310 F.2d 45 (5th Cir.1962) (“preoccupation of counsel with other matters does not dispense with the necessity for compliance with the rules”).
Finally, this Court has not specifically delineated the standard of review ap- *776 phcable in cases like the one sub judice. In general, federal circuit courts have noted that they must review district court decisions for evidence of an abuse of discretion. See, e.g., Aloqaili, 915 F.2d 1570 (1990 WL 155281, at 3) (citing Baker v. Raulie, 879 F.2d 1396 (6th Cir.1989) (per curiam)); Cange v. Stotler & Co., 913 F.2d 1204, 1213 (7th Cir.1990). This may be an oversimplication. To the degree that a trial judge’s decision to grant or deny a motion for an extension of time is based upon precept of law, the standard for this Court’s review shall be “plenary”; otherwise, this Court shall simply apply the abuse-of-discretion standard. See Vianello v. Pacifico, 905 F.2d 699, 700 (3d Cir.1990). Which standard should apply is a decision to be made on an ad hoc basis. In the case sub judice, the chancellor did not base his decision on precept of law; therefore, this Court shall simply question whether the chancellor’s rejection of Schmitt’s request constituted an abuse of discretion.
In sum, relevant Mississippi and federal law clearly indicate that the final word is: ‘A rule which is not enforced is no rule.’ ” Tandy Electronics, Inc., 554 So.2d at 312 (quoting Box v. State, 437 So.2d 19, 21 (Miss.1983)).

B. Excusable Neglect?

Capers does not dispute Schmitt’s discussion; Capers contends that the evidence does not sufficiently amount to that which should be necessary to support a finding of excusable neglect.
The evidence simply reveals that: (1) Attorney, Anthony J. Caranna, represented Schmitt in the case involving Capers’ claim for $46,147.87 against James Ware’s estate; (2) On July 17, 1989, Caranna and Schmitt heard Chancellor Floyd announce after the trial of Capers’ claim that he would reach a decision within a few days; (3) The chancellor accordingly issued his written opinion on July 26, 1989, and his final judgment on August 15, 1989; (4) Schmitt subsequently, repeatedly, and unsuccessfully telephoned Caranna’s home to learn how the chancellor decided; (5) Schmitt finally reached Caranna on October 9, 1989, and learned that the chancellor decided against her; and (6) Schmitt hired a new attorney on October 10, 1989, and filed a motion for an out-of-time appeal.

C. Disposition

Time prescriptions that pace the initiation and prosecution of litigation vary in elasticity. Some time lines are flexible; others — like Rule 4(g) — are unyielding. Under the facts of the case sub judice, this Court concludes that Rule 4(g)’s time line will remain strictly. construed. Clearly, Schmitt failed to sufficiently prove: (1) that excusable neglect constituted her reason for failing to file a timely appeal, and (2) that the chancellor’s decision constituted an abuse of discretion. This Court therefore affirms the chancellor’s decision.
III. CONCLUSION
Based upon the foregoing, this Court affirms.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, SULLIVAN, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.
ANDERSON, J., not participating.