993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard Lee HELZER, Plaintiff-Appellant,
v.
COUNTY OF ALPENA; Alpena County Sheriff's Department; Tom
Male, Individually and as Sheriff; Steve
Lockwood, Individually and as
Undersheriff, Defendants-Appellees.
 No. 92-2442.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1993.
 
 Before MARTIN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In his appellate brief, Helzer seeks appointment of counsel and argues the merits of his amended complaint.
 
 
 2
 Richard Lee Helzer filed a 42 U.S.C. § 1983 complaint and amended complaint against Alpena County, the sheriff's department of Alpena County, and the sheriff (Male) and undersheriff (Lockwood) of Alpena County in their individual and official capacities. He alleged that while held in the Alpena County Jail his constitutional rights were violated in a number of ways. Counsel was appointed for Helzer. Alpena County was dismissed as a defendant, summary judgment as to Male and Lockwood was granted in part but denied as to the claim of denial of medical treatment, and Helzer was granted leave to amend the complaint on the remaining issue. An amended complaint was filed. After oral argument, the magistrate judge prepared a report and recommendation recommending that the defendants' motion for summary judgment as to the remaining claim be denied. After consideration of the objections and de novo review, the district court rejected the magistrate judge's report and recommendation and granted the motion for summary judgment.
 
 
 3
 Helzer filed a motion for extension of time and for leave to proceed on appeal in forma pauperis, and a notice of appeal. He alleged that the district court's decision, which was entered on February 24, 1992, was mailed to him and not to the attorney of record. Helzer then mailed the decision to his court-appointed attorney on March 2, 1992. On April 23, 1992, the attorney informed Helzer by phone that he was not going to represent him in further proceedings. That same day Helzer prepared and mailed his motion for extension of time and his notice of appeal. However, the motion for extension of time was not filed with the court until April 30, 1992. The district court determined that the motion for extension of time was prepared and filed outside the period prescribed by Fed.R.App.P. 4(a)(5) and that it therefore had no authority to grant the motion for extension of time. Helzer appealed the denial of the motion for extension of time.
 
 
 4
 An order denying a motion for extension of time is appealable. Vogelsang v. Patterson Dental Co., 904 F.2d 427, 431 (8th Cir.1990); Diamond v. United States Dist. Court, 661 F.2d 1198, 1198 (9th Cir.1981) (order). Review of the district court's interpretation of Fed.R.App.P. 4(a)(5) is de novo, but the denial of the extension is reviewed for abuse of discretion. Pontarelli v. Stone, 930 F.2d 104, 109 (1st Cir.1991); Vianello v. Pacifico, 905 F.2d 699, 700 (3d Cir.1990); Benoist v. Brotherhood of Locomotive Eng'rs, 555 F.2d 671, 672 n. 1 (8th Cir.1977) (per curiam).
 
 
 5
 Fed.R.App.P. 4(a)(5) provides that a motion for extension of time for filing the appeal must be "filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Fed.R.App.P. 4(a)(1) provides "30 days after the date of entry of the judgment" in which to file the notice of appeal. United States v. Cooper, 876 F.2d 1192, 1195 (5th Cir.1989) (per curiam). The judgment in the instant case was filed on February 21, 1992, but entered February 24, 1992. Any notice of appeal from that decision was due to be filed on or before March 25, 1992. See Fed.R.App.P. 4(a)(1). Any motion for extension of time to file a notice of appeal was due within 30 days after that date, which is April 24. See Fed.R.App.P. 4(a)(5). The motion for extension of time is dated April 23, and the certificate of service indicates that it was placed in the mail on April 23. Helzer is a pro se prisoner. In Houston v. Lack, 487 U.S. 266, 270 (1988), the Supreme Court held that a notice of appeal by a pro se prisoner is deemed filed on the date it is delivered to prison authorities for forwarding to the district court. The reasoning in Houston has been extended. Dunn v. White, 880 F.2d 1188, 1190 (10th Cir.1989), cert. denied, 493 U.S. 1059 (1990). Therefore, it appears that this reasoning may also apply to a motion for extension of time.
 
 
 6
 It is ORDERED that the motion for appointment of counsel be denied and the June 4, 1992, order of the district court denying an extension of time be vacated. The district court's holding that it had no authority to grant the motion for extension of time is reversed, and the case is remanded for a ruling on the motion. Rule 9(b)(3), Rules of the Sixth Circuit.