

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2000

# Amatangelo v. Donora

Precedential or Non-Precedential:

Docket 99-3862

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"Amatangelo v. Donora" (2000). *2000 Decisions.* Paper 100.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/100

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 18, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-3862

FRANK AMATANGELO; AMELIA AMATANGELO; MARTIN
CLEMENT; LINDA CLEMENT; MARTIN CLEMENT;
MARJORIE CLEMENT; ROBERT CLEMENT; GINGER
CLEMENT; RONALD CLEMENT; NANCY CLEMENT; PAUL
DEBARDINIS; CHARLOTE F. DEBARDINIS; ALFRED
DEMARINO; ROSE DEMARINO; ALFRED FIORAVANTI;
MARY FIORAVANTI; PALMER FRAGELLO; ROBERT
FRAGELLO; MARTHA FRAGELLO; SAMUEL FRAGELLO;
VIRGIL FRAGELLO; JAMES JOHNSTON; MARLENE
JOHNSTON; JEANETTE LORESKI; GEORGE KARABIN;
DOROTHY KARABIN; MICHAEL KARABIN; CATHERINE
KARABIN; RICHARD KOPANIC; ROSE KOPANIC; JANE
MENDARINO; ANNA MONGELLUZZO; RICHARD
MONGELLUZZO; FLORENCE PAWELEC; MERRY H.
POLACHEK; DUNCAN RUSSELL; MARYANN RUSSELL;
ALEXANDER SENKO; MARGARET SENKO; DEL SUPPO;
JUDY SUPPO; SARA TUBIN; ZORA TUBIN; DOROTHY E.
VAYANSKY; MARY MARGARET VAYANSKY; RICHARD
VEDDER; BONNIE VEDDER; ALLEN VITALE;
LOUISE VITALE,

  Appellants

v.

THE BOROUGH OF DONORA; CITY OF MONESSEN; MON
VALLEY SEWAGE AUTHORITY; GANNETT FLEMING
ENGINEERING, INC.; JOHN T. SUBRICK, INC.; JOHN
LIGNELLI; ROBERT PARASCHAK; RAYMOND
AMATANGELO; ANTHONY MENENDEZ; KAREN
POLKABLA; WILLIAM HEVIA; PETER LAMENDOLA;
THOMAS KOSTOLANSKY; FRED BERESTECKY; MARIE
TROZZO; ROBERT LEONE; TIMOTHY MAATTA; JOHN
SWANN; KAREN LOVICH; JIM MANDERINO; EDWARD
BURDOCK; ERNEST WISYANSKI; BEN LEVENDOSKY;

FRANK BIALON; ARNOLD HIRSCH; STANLEY POVICH; STEPHEN MAJOR; RONALD BARRON; RON LUCI; FRED HEVIA; EDWARD MONROE; JOHN T. SUBRICK; RONALD AMATI; CHARLES MUIA; JAY SUBRICK; CHAD SUBRICK; L. SUBRICK

On Appeal from the United States District Court for the Western District of Pennsylvania
(D.C. Civ. No. 98-02143)
District Judge: Honorable Gary L. Lancaster

Submitted under Third Circuit LAR 34.1(a)
May 9, 2000

BEFORE: GREENBERG, MCKEE, and GARTH, Circuit Judges

(Filed: May 18, 2000)

Thomas A. Crawford, Jr.
701 Smithfield Street
Triangle Building
Pittsburgh, PA 15222

 Attorney for Appellants

Scott G. Dunlop
Stephen J. Poljak
Marshall, Dennehey, Warner,
Coleman & Goggin
600 Grant Street
2900 USX Tower
Pittsburgh, PA 15219

 Attorneys for Appellees,
City of Monessen, Robert Leone,
Timothy Maatta, John Swann,
Karen Lovich, Jim Manderino,
Edward Burdock and Ernest
Wisyanski

2

Mark R. Hamilton
Carmen A. Martucci
Zimmer Kunz
600 Grant Street
3300 USX Tower
Pittsburgh, PA 15219

 Attorneys for Appellees
John Lignelli, Robert Paraschak,
Raymond Amatangelo,
Anthony Menendez, Karen
Polkabla, William Hevia, Peter
Lamendola, Thomas Kostolansky,
Fred Berestecky, Marie Trozzo and
the Borough of Donora

Leo G. Daly
Bethann R. Lloyd
Grogan, Graffam & McGinley
Three Gateway Center
22nd Floor
Pittsburgh, PA 15222

 Attorneys for Appellees
Mon Valley Sewage Authority,
Ben Levendosky, Frank Bialon,
Arnold Hirsch, Stanley Povich,
Stephen Major, Ronald Barron, Ron
Luci and Fred Hevia

Mark J. Gesk
Wayman, Irvin & McAuley
1624 Frick Building
437 Grant Street
Pittsburgh, PA 15219

 Attorney for Appellees
Gannett Fleming Engineering, Inc.
and Edward Monroe

3

Paul N. Barna, Jr.
709 McKean Avenue
Donora, PA 15033

Attorney for Appellees
Ronald Amati and Charles Muia

OPINION OF THE COURT

GREENBERG, Circuit Judge.

The appellants, residents and property owners in Donora, Pennsylvania, brought this action against certain public officials and entities and private parties in the aftermath of the installation of public sewerage lines in Donora to which appellants were required to join their properties at considerable expense. While most of the appellants did not object to the installation of the sewerage lines, see appellants' br. at 8, they contend that they unconstitutionally were treated differently than certain other property owners and users of the sewerage system with respect to the need to join the system and the allocation of its costs. Id. Inasmuch as the appellants brought their action under the civil rights laws, 42 U.S.C. SS 1983 and 1985, and RICO, 18 U.S.C. S 1961, the district court had jurisdiction under 28 U.S.C. SS 1331 and 1343(a)(3).

The district court, in a comprehensive memorandum opinion and an accompanying order dated August 23, 1999, granted the appellees' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). We have reviewed this case and have concluded that the appeal is clearly without merit and that a published opinion on the substantive issues raised on this appeal would have no institutional or precedential value. Consequently, we ordinarily would affirm the order of the district court with a memorandum opinion as provided in our Internal Operating Procedure 5.4. Nevertheless, in view of a jurisdictional issue which the appellees raise we do not do so.

The district court's order of dismissal was entered on August 24, 1999. Therefore, the appellants had 30 days

4

from that time to file their notice of appeal, see Fed. R. App. P. 4(a)(1), and thus the appeal, to be timely, should have been filed on or before September 23, 1999. Nevertheless, the appellants did not appeal within that time. Instead, on October 14, 1999, their attorney mailed to the appellees' attorneys a copy of a request to the district court for an extension of time within which to file a notice of appeal. The operative portions of the request for the extension of time read in full as follows:

1. The plaintiffs have notified counsel that the y wish to appeal this Honorable Court's action of 23 August 1999 dismissing their complaint in the above captioned matter.1

2. Counsel, whose civil practice invariably includ es the United States as a party, informed them that they had sixty (60) days to file a notice of appeal.

3. Believing that he had sixty (60) days within wh ich the plaintiffs could take an appeal, counsel began a rather lengthy motion for this Honorable Court to reconsider its ruling.

4. From 23 August to the present counsel has tried three jury trials, filed five trial court briefs and a brief for the Commonwealth Court as well attending hearings for twelve other clients.

5. On 13 August 1999 [sic], the daughter of one of the plaintiffs whom I represent in this matter called to my attention that the time for filing an appeal which her mother wanted to do had passed and that I had misinformed them as to the filing date.

6. I researched the matter and found that she was right and that the appeal ought to have been filed upon 22 September 1999, rather than 22 October 1999 as I had informed them which would have been the case had the United States been a party.

7. Since the neglect was counsel's and I believe excusable, the plaintiffs ought not to suffer from the

_____

1. The district court's order was dated August 23, 1999, but was entered on the docket the following day.

5

miscalculation of filing dates for the notice of appeal in this matter.

The appellants' attorney apparently submitted the request to the district court at about the same time that he mailed it to the appellees' attorneys because the court, on October 15, 1999, signed an order granting the appellants until November 1, 1999, to appeal. In fact, the appellants appealed on October 21, 1999. Subsequently, on December 17, 1999, December 27, 1999, and December 29, 1999, the appellees moved in this court to quash the appeals and the appellants have responded to the motions to quash.

We find the proceedings we describe above troublesome. Under Fed. R. App. P. 4(a)(5)(A), if a party shows "excusable neglect or good cause" the district court may extend the time for filing a notice of appeal if a motion seeking the extension is filed no later than 30 days after the expiration of the time prescribed for the appeal under Rule 4(a). Under Rule 4(a)(5)(B), such a motion may be ex parte if filed before the expiration of the prescribed time unless the court requires otherwise. But a motion seeking an extension filed, as was the case here, after the expiration of the prescribed time must be on notice to the parties. Id.

As a practical matter, the district court granted the order for the extension of time to appeal on an ex parte basis. As we have indicated, the appellants mailed the motion to appellees' attorneys on October 14, 1999. Accordingly, appellees did not have an opportunity to oppose the application for the extension of time because the court granted it on October 15, 1999, the same day they received the motion seeking the extension.

Moreover, the order granting the extension was not consistent with the provisions of Rule 4(a)(5). That rule permits an extension which is not to exceed 30 days past the prescribed time for the appeal or 10 days from the date of entry of the order allowing the extension, whichever occurs later. In this case, a 30-day extension past the prescribed time for appeal would have established an appeal period ending on October 23, 1999, which by reason of Fed. R. App. P. 26(a) would have been extended to October 25, 1999, as October 23, 1999, was a Saturday.

6

Thus, the order granting the extension could have established an outside date for the appeal of ten days from October 15, 1999, or 32 days from September 23, 1999, i.e., to October 25, 1999. Notwithstanding the October 25, 1999 limitation, the court extended the time until November 1, 1999. The appellants, as we have indicated, nevertheless filed their notice of appeal on October 21, 1999, within a period that the court could have authorized under Rule 4(a)(5).

We are concerned, however, with more than the procedural unfairness of the proceedings in the district court and the technical defect in the order of October 15, 1999. According to the request for the extension of time to appeal submitted to the district court, the appellants' attorney, who indicates that his "civil practice invariably includes the United States as a party, informed[the appellants] that they had sixty (60) days tofile a notice of appeal." Moreover, believing that the appellants had 60 days to appeal, "counsel began a rather lengthy motion for [the district court] to reconsider its ruling." The attorney indicates, however, that "[o]n 13 August 1999, the daughter of one of the plaintiffs whom I represent in this matter called to my attention that the time for filing an appeal which her mother wanted to do had passed and that I had misinformed them as to the filing date." It seems obvious to us that the attorney wrote "August" when he meant "October." He then indicated that he researched the matter and concluded that the appellant's daughter was correct. Finally, he asserts that his neglect was excusable and that his clients should not suffer from his miscalculations.

This request for an extension did not establish"excusable neglect or good cause" for the court to grant the extension. While we recognize that issues arising under the Federal Rules of Civil and Appellate Procedure are in some instances complex, Rule 4(a)(1), which establishes the time to appeal, is neither obscure nor difficult to understand. In fact, Rule 4(a)(1) specifies the time for appeal in cases in which the United States or an officer or agency thereof is or is not a party.2 In the circumstances, we cannot

_____

2. See also 28 U.S.C. S 2107.

7

understand how appellants' attorney could have been familiar with the 60-day provision when the United States or its officer or agency is a party but not the 30-day provision applicable in other cases. Moreover, surely it is not too much to ask that an attorney know the time for an appeal. See Consolidated Freightways Corp. v. Larson, 827 F.2d 916, 919 (3d Cir. 1987) (in determining whether there has been excusable neglect court should consider, inter alia, "whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure"); see also Ramseur v. Beyer, 921 F.2d 504, 506 (3d Cir. 1990) (" `Rule 4(a)(5) . . . require(s) afinding of excusable neglect in those instances where the court, after weighing the relevant considerations, is satisfied that counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule.' ") (quoting Consolidated Freightways).

Furthermore, appellants' attorney, in reliance on his belief that he had 60 days to appeal, "began a rather lengthy motion for [the district court] to reconsider its ruling." This action demonstrates another misunderstanding of an applicable court rule, as motions for reconsideration must be filed within ten days of the entry of the judgment. See Fed. R. Civ. P. 59(e); Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1987) ("For purposes of Rule 4(a) of the Federal Rules of Appellate Procedure, we view a motion characterized only as a motion for reconsideration as the `functional equivalent' of a Rule 59(e) motion to alter or amend a judgment."). Thus, the time for appeal simply is not germane to the question of when a motion for reconsideration may be filed.

We also point out that only a timely motion for reconsideration extends the time for an appeal. See Fed. R. App. P. 4(a)(4); Welch v. Folsom, 925 F.2d 666, 669 (3d Cir. 1991) ("[A] Rule 59(e) motion does not toll the time for appeal, unless it is `timely filed.' "). Indeed, an untimely motion for reconsideration is "void and of no effect." United States v. Contents of Accounts Nos. 3034504504 and 144-07143, 971 F.2d 974, 976 n.1 (3d Cir. 1992). In fact, the

8

appellants' attorney filed a motion for reconsideration in the district court on October 20, 1999, and, as it was untimely, it did not extend the time for appeal. The district court denied the motion on October 22, 1999.

It might be thought from the foregoing discussion that we should dismiss this appeal and, indeed, we are tempted to do so. But we will not dismiss the appeal because the appellees did not appeal from the order granting the extension of time to appeal. Moreover, we cannot treat their motions to quash as notices of appeal, as they filed the motions beyond the time to appeal from the order for the extension of the time to appeal. Furthermore, we are satisfied that the irregularities in the district court proceedings that we describe did not preclude the court from entering the order for the extension of time to appeal. Thus, this case differs from a situation in which the district court erroneously directs the entry of a final judgment under Fed. R. Civ. P. 54(b) on fewer than all claims or parties in the case in an attempt to allow an appeal to be taken from an order even though it simply is notfinal. In that case, the court of appeals will not have jurisdiction. See Gerardi v. Pelullo, 16 F.3d 1363, 1368–71 (3d Cir. 1994). Moreover, the appellants did appeal within a time that could have been allowed under Rule 4(a)(5), so we will not dismiss the appeal on the theory that the appeal could not have been timely as it was taken beyond any permissible extension period.

Thus we are constrained to deny the appellees' motions to quash the appeal as we do have jurisdiction. While we deny the motions, we nevertheless emphasize that district courts, in considering applications for an extension of time to appeal which are filed after the expiration of the prescribed time to appeal, should not grant the request in the absence of an indication that the appellees do not object to the request without determining that the appellees have had an effective opportunity to object to the extension. Of course, even if the appellees do not object, the district court should not grant the extension absent a showing of excusable neglect or good cause as provided in Rule 4(a)(5). In this case, the appellants made no such showing.

9

In fact, inasmuch as it is evident that the notice to the appellees of the request for the extension effectively was no notice at all, we have considered remanding this matter to the district court so that it can reconsider the request for the extension on proper notice to the appellees. See Vianello v. Pacifico, 905 F.2d 699, 701 (3d Cir. 1990) (when district court erroneously concluded it could not extend the time for appeal court of appeals remanded case for further consideration). Nevertheless, though we could remand the matter for that purpose, we will not do so as we do have jurisdiction and we want to save the parties from further expense in this meritless litigation.

In conclusion we determine that we have jurisdiction and thus we deny the motions to quash the appeal. But we also conclude that the appeal is completely without merit so we will affirm the order entered on August 24, 1999.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

10